O'CONNOR *v.* ROWLAND.

Opinion delivered December 24, 1904.

WILL—ESTATE DEVISED.—Where, in a devise of land, no definite estate is in terms given to the first taker, a limitation over upon his death is construed as indicating an intent that such taker shall have a life estate.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Reversed.

STATEMENT BY THE COURT.

John P. Brackville died December 6, 1877, left surviving him his widow and nine children. He owned two tracts of land and some personal property, and he disposed of it by a will, the material portions of which, so far as this action is concerned, are as follows:

"I, John P. Brackville, of the county of Pulaski, State of Arkansas, being of sound mind and disposing memory, do make and ordain this as my last will and testament.

"1.　I bequeath to Lafayette Brackville the north half of northeast section 17, township 2 north, range 14 west; also the southwest of the northeast, in section 17, township 2, range 14; that his mother shall have full control and management of all the property during her life; that after her death, and Lafayette being not of age, Civility M. Brackville have the management until he becomes of age.

"2.　I bequeath to Civility M. Brackville, George W. Brackville, Amanda Ann Barker, Victoria E. Foster and Ellen M. Brackville each $1 that I have reserved in silver, or its equivalent.

"3.　I bequeath to Nora, Christiana E. and Flora Jane Brackville each $100 in property, such as cattle or any personal property. * * *

"5.　That my home place on the Mount Ida road, containing 145 acres, be sold as soon as possible, and the proceeds be applied to the improvement of the farm in section 17, township 2; that my personalty shall remain for the support of the family.

"6.　That the said place shall be an asylum for the Brackville family, with the exception of George W. Brackville * * *; that if Lafayette should die, I bequeath to Christiana J. Brackville and Flora Jane Brackville the place on section 17, township 2; that they shall call each one man, and they divide the land, and if one get more improvement, then the other shall pay the difference."

Flora Jane Brackville died on the 8th of December, 1887, and Christiana J. Brackville died on the 30th of November, 1891, both of them without issue. Lafayette Brackville died on the 14th day of July, 1899, leaving a widow, Josephine Brackville, and four children, the youngest being 18 months old and the eldest 8 years of age.

In October, 1899, the plaintiff Willie O'Connor, one of the children of John P. Brackville, and who is referred to in the will as Ellen M. Brackville, brought this action of ejectment against the administrator and heirs of Lafayette Brackville, to recover an undivided one-sixth interest therein. In her complaint she sets out the facts including the will in full. The defendants appeared, and by their attorneys filed a demurrer to the complaint, which the court sustained, and, the plaintiffs declining to plead further, judgment was rendered in favor of defendants, from which the plaintiff appealed.

*Murphy & Mehaffy,* for appellant.

Our statute of conveyances does not affect wills. Sand. & H. Dig. § 703. A devise of land, without the word heirs, or similar words of limitation, does not confer a fee simple title. 3 Jarman, Wills (5th Ed.), 20, 30.

*John Barrow* and *Cantrell & Loughborough,* for appellees.

Where the intention of the testator is manifest from the whole will, the rule is to so construe the will as to give that intention effect. 13 Ark. 513; 22 Ark. 570. The old rule of construction has been abrogated. Schuler, Wills, § § 483, 485; 3 Jarman, Wills, 47, note 10.

RIDDICK, J., (after stating the facts.) This is an action of ejectment brought by plaintiff to recover an undivided interest in certain lands which belonged to her father, and which were devised by his will. The only question we need consider is whether Lafayette Brackville, a devisee under that will, and whose widow and heirs are defendants in this action, took an estate in fee or only a life estate in the land devised to him by the will.

An inspection of the will shows that no definite estate was given Lafayette Brackville. The testator by the first paragraph of the will devises to him certain land with the provision that his mother shall have full control and management of all the property during her life. In the fifth paragraph he directs that his home place shall be sold, and the proceeds applied to the improvement of this land, which he had previously devised to Lafayette. The sixth paragraph contains the declaration that this place, referring to the same land, "shall be an asylum for the Brackville family, with the exception of George Brackville." After stating ·his. reasons for excepting George from this provision of the will, the testator in the same paragraph directs "that if Lafayette should die I bequeath to Christiana J. Brackville and Flora Jane Brackville the place in section 17, township 2," that being the land which he had previously devised to Lafayette without stating the nature of the estate devised. In other words, we have here a devise to Lafayette of certain land, no definite estate being given, and afterwards the provision that on his death the land should pass to two other children of the testator.

The law on this point is thus stated in a recent work by Prof. Gardner: "Where no definite estate is, in terms, given to the first taker, a limitation over upon his death is steadily construed as indicating an intent that such taker shall have a life estate." Gardner on Wills, p. 473; *Defreese* v. *Lake,* 109 Mich. 415, 32 L. R. A. 744, 63 Am. St. Rep. 584, and other cases cited.

Following the rule above quoted, which is well established, we are of the opinion that Lafayette Brackville took by this will a life estate charged with the support of his mother, and that after his death the remainder in fee was devised to his sisters, Christiana and Flora Brackville. They died before Lafayette without issue. and their heirs are the same as the heirs of their father, John P. Brackville, one of whom is the plaintiff, who is entitled to her undivided interest, whatever that may be.

For the reasons stated, we are of the opinion that the court erred in sustaining a demurrer to the complaint. The judgment is therefore reversed, with an order that the demurrer be overruled, and for further proceedings.