NORRIS *v.* JOHNSON.

Opinion delivered December 19, 1921.

1. WILLS—CONSTRUCTION.—Where a will provided that the testator's debts and funeral expenses should be paid by his executors provided his decease comes after that of his wife, devised all of his property to his wife, after his wife's death directed his executors to sell all of his property, except a watch bequeathed to a nephew, and devised the proceeds to his brother and sisters or their heirs, *held* that, though the will imposed upon the surviving wife the duty of paying the testator's debts, the devise to his wife carried merely a life estate, with the remainder to the other devisees mentioned.

2. WILLS—CONSTRUCTION.—The true rule governing the construction of wills is to ascertain the intention of the testator from the language used, giving consideration, force and meaning to each clause in the instrument.

3. WILLS—JURISDICTION TO CONSTRUE.— Where a will imposed upon the executors the duty of selling the testator's property and,

after paying his indebtedness, of dividing the funds between his brother and sisters, the effect of the will was to create a trust, and the chancery court properly assumed jurisdiction to construe the will.

4. PLEADING—ISSUES, PROOF AND VARIANCE.—Where liability for the rents upon lands of an estate was not made an issue in a suit to construe a will, and was not fully developed in the evidence, it was error to render judgment for such rents.

Appeal from Lincoln Chancery Court, *John M. Elliott,* Chancellor; reversed and affirmed.

*A. J. Johnson* and *E. W. Brockman,* for appellants.

The chancery court was without jurisdiction. 3 Pomeroy's Equity, (3 ed.) par. 1156; 88 Ark. 1; 70 Ark. 432; 128 Ark. 420.

The objection that equity has no jurisdiction of the subject-matter cannot be waived. 88 Ark. 1. The suit was not properly begun. C. & M. Digest, sec. 1049.

The court erred in its construction of the will. The proof offered by the plaintiffs to ascertain the intention of the testator cannot be considered. 22 Ark. 278; 90 Ark. 152. The fee was vested absolutely in the wife. 72 Ark. 296; 81 Ark. 480; 82 Ark. 209; 135 Ark. 412.

The law favors an early vesting of an estate. 90 Ark. 155.

*Taylor & Jones,* for appellee.

Wills are always to be construed so as to carry into effect the manifest intention of the testator, and are to be construed, if possible, to give force and effect to each clause of the will. 112 Ark. 531; 115 Ark. 403; 104 Ark. 445; 3 Peters 346; 116 Ark. 332; 1 Jarman on Wills, 453; 2 Jarman on Wills, 2205; 126 Ark. 58; 98 Ark. 553; 112 Ark. 527.

The chancery court had jurisdiction. 113 Ark. 405.

HUMPHREYS, J. Appellees instituted suit against appellants in the Lincoln Chancery Court to secure the construction of the will of James S. Johnson, deceased, and to recover certain real estate in said county claimed by them under the will.

Appellants Enoch E. Norris and W. R. Norris answered disclaiming any interest in the lands devised in the will. Appellants Grace and Idel R. Chance filed an answer claiming the lands as the sole heirs of Maggie A. Johnson, the wife of the deceased testator, who they alleged was the devisee of the lands in said will.

The case was submitted to the court upon the pleadings, the will and the evidence, which resulted in a finding that Maggie A. Johnson, the wife of the testator, took a life estate only under the will, and a decree pursuant thereto directing the executors to proceed to sell the real estate and distribute the proceeds among the appellees. From the finding and decree an appeal has been duly prosecuted to this court, and the cause is here for trial *de novo.*

The will being susceptible of construction without resort to parol testimony,. it is unnecessary to set out the substance of the evidence.

The clauses of the will necessary to determine the issues involved are as follows:

"Know all men by these presents: That I, James S. Johnson, of the county of Lincoln and State of Arkansas, being in reasonable health and sound disposing mind and memory, do make and publish this my last will and testament. And, as to my wordly estate and all the property, real, personal or mixed, of which I shall die seized with and possessed or to which I shall be entitled at the time of my death, I devise, bequeath and dispose thereof in the manner following, to wit:

"First: All my just debts and funeral expenses shall first be by my executors, hereinafter named, be paid out of my estate as soon after my decease as shall be found convenient, provided my decease comes after that of my wife, Maggie A. Johnson.

"Second: I give, devise and bequeath to my beloved wife, Maggie A. Johnson, all my estate, real, personal and mixed, of which I shall die seized with or possessed or which I shall be entitled at my decease.

"Third: After the demise of both myself and wife, Maggie A. Johnson, I want my executors to sell all of my property I am possessed of, real, personal and mixed, at either public or private sale as they think best and to the best advantage (except one watch which I hereafter bequeath) and to devise the proceeds of sale as hereinafter mentioned.

"Fourth: I give, devise and bequeath to my nephew, Oscar Slidel McKinney, one double-case silver watch, with initials of my father 'W. B. J.' thereon.

"Fifth: I give, devise and bequeath to my brothers and sisters, or their heirs, equally the proceeds of said sale as follows: Thomas J. Y. Johnson, Fannie Jones, Jane McKinney."

Appellants insist that the court erred in interpreting the will as devising a life estate in the real estate to Maggie A. Johnson, contending that the only way to give consideration, force and meaning to each clause in the entire instrument is to interpret the will as devising a fee simple title in the real estate to said Maggie A. Johnson. It is argued that the first clause inferentially defines the character of estate intended to be vested by the testator in his wife in the second clause of the will. This inference is drawn from the use in the first clause of the following phrase: "Provided my decease comes after that of my wife, Maggie A. Johnson." It is true that by the use of this phrase the duty was imposed upon Maggie A. Johnson to pay the funeral expenses and debts provided she survived her husband, instead of imposing that duty upon the executors. But it does not follow, as a necessary conclusion, that because such duty was imposed upon her she took a fee simple title to the real estate devised under the second clause in the will. The first clause of the will provides for the payment of the testator's funeral expenses and debts out of his estate by the executors, if the testator should survive his wife, Maggie A. Johnson, but by Maggie A. Johnson if she should survive her husband. The first clause does

not deal with the devolution of the property, real, personal or mixed. It deals exclusively with the question of paying the funeral expenses and debts. The only clauses in the will dealing with the devolution of the testator's property are the second, fourth and fifth. These three clauses could not be reconciled if a fee simple estate in the testator's property was intended to be vested in his wife by the second clause. In that event the second clause would be in conflict with the fourth and fifth clauses. Repugnancy between the clauses can be avoided by interpreting the second clause as vesting in the devisee a life estate in the property of the testator upon his decease. While the language in the second clause is sufficient if no limitations were placed upon it to vest a fee simple estate, the language does not necessarily do so. Such language may be used in vesting a life estate as well. The language, therefore, standing in the clause separate and apart from other clauses, does not, in terms, vest a definite estate; but, when read in connection with the fourth and fifth clauses, it is manifest that the testator intended in the second clause to vest a life estate in the devisee, Maggie A. Johnson, and the remainder in the other devisees mentioned.

This court ruled in *O'Connor* v. *Rowland*, 73 Ark. 422, in the construction of a will, that (quoting syllabus) "Where, in a devise of land, no definite estate is in terms given to the first taker, a limitation over upon his death is construed as indicating an intent that such taker shall have a life estate." In thus construing the will, effect is given to every clause in it. The first clause provides for the payment of the testator's indebtedness; the second clause devises a life estate to his wife; the fourth clause bequeaths his nephew a silver watch; the fifth clause devises the remainder of the estate to his brother and sisters or their heirs; and the third clause provides the manner in which the remainder of the estate shall be divided.

The true rule governing the construction of wills is to ascertain the intention of the testator from the language used, giving consideration, force and meaning to each clause in the entire instrument. *Parker* v. *Wilson,* 98 Ark. 553; *Booe* v. *Vinson,* 104 Ark. 439; *Archer* v. *Palmer,* 112 Ark. 527; *Gist* v. *Pettus,* 115 Ark. 400.

Appellants next contend that the court erred in assuming jurisdiction to construe the will for the reason that the testator did not create a trust over which courts of equity have jurisdiction. The testator in the will imposes the duty upon the executors of selling the property of the testator, and, after paying his indebtedness, dividing the fund among his brother and sisters and their heirs, which, in effect, created a trust. The court did not err in assuming jurisdiction over the trust and construing the will incident thereto.

Lastly, it is insisted that the court erred in rendering a judgment against appellants Enoch E. Norris and William R. Norris for $4,000 for the rents on the property involved for the years 1916, 1917, 1918, 1919 and 1920. The use of the lands and the rents therefrom was not made an issue in the pleadings, and was not fully developed in the evidence. The rendition of this judgment constituted reversible error.

The decree will be affirmed in all matters except the rendition of the judgment for rents. In that particular it is reversed and remanded for further proceedings on the issue of rents, if desired, with permission to the parties to introduce evidence upon that issue.