LeFlore *v.* Handlin.

Opinion delivered May 8, 1922.

1. WILLS—JURISDICTION OF EQUITY.—Where a will creates a trust estate, equity has jurisdiction to construe it.

2. WILLS—RULE OF CONSTRUCTION.—The first and great rule in exposition of wills, to which all other rules must bend, is that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law.

3. WILLS—MISTAKE OF FACT.—A will can be corrected on account of a mistake of fact only where the mistake and its correction is shown on the face of the will.

4. WILLS—MISTAKE—EVIDENCE.—Where a mother's will gave a small sum to a son and to each of his children, stating that the testatrix purposely made no further provision because the son

had received a larger share of his father's estate, evidence *aliunde* was inadmissible to prove that she was mistaken as to the amount received by the son from his father's estate.

5. Wills—Intention of Testatrix.—Where a will gave $100 to a son and to each of his children, and provided that testatrix purposely made no further provision for them, her intention to exclude them from any further participation in the estate must prevail, unless a contrary intention be expressed in some subsequent clause, in which case the subsequent clause would prevail.

6. Wills—Designation of Children.—A bequest to a son of testatrix and to his children sufficiently designated such children within Crawford & Moses' Dig., § 10507, relative to pretermitted children.

7. Wills—Construction.—Where a will gave a son L. and each of his sons $100, and stated that the testatrix purposely made no further provision for them, and gave the residuary estate to two other sons and a named child of each of them, designated as her "grandsons," and provided that when each of her "said grandsons" arrived at the age of 21 years they should receive $5000, the children of L. were not included in such bequest; the word "said" referring to the last-mentioned grandsons.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

*James B. McDonough,* for appellants.

The chancery court had jurisdiction to construe the will. 97 Ark. 588; 104 Ark. 439; 113 Ark. 404.

The appellants were grandsons of Ida L. Foucar and were each entitled to $5,000 under the will. There was a devise to each grandson of the testatrix.

In the construction of wills the rule is: It is the intention which the testator expressed in the will that controls, and not that which he may have had in mind. 110 Ga. 707; 36 S. E. 409; 50 L. R. A. 361; 107 Ill. App. 313; 204 Ill. 588; 68 N. E. 515; 110 La. 279; 34 So. 443; 66 Me. 360; 81 Md. 347; 32 Atl. 316; 126 N. Y. Supp. 277; 107 Va. 383; 59 S. E. 384; 91 Va. 286; 21 S. E. 464; 83 Va. 724; 3 S. E. 387; 61 W. Va. 262; 56 S. E. 473.

A will should be given such a construction as will dispose of the property in a just, natural and reasonable

manner. 27 Conn. 134; 26 Ind. 511; 97 Me. 449; 54 Atl. 1068; 97 Me. 449; 200 N. Y. 159; 93 N. E. 488; 48 Am. Rep. 364.

Where the meaning of a devise is uncertain, the law will adhere as closely as possible to the rules of inheritance. 26 Pa. Sup. Ct. 443. An heir is not to be disinherited except by express words or by necessary implication. 36 S. E. 364. The law does not give to one relative of the same degree an advantage over the other. 94 Ind. 359; 59 Atl. 731; 53 Mich. 10; 67 N. Y. Supp. 925.

The will must be considered as a whole. 11 Ark. 54.

In case of conflicting clauses, the last clause must control. 113 Ark. 497; 115 Ark. 400.

*Warner, Hardin & Warner,* for appellees.

The intention of the testatrix must be gathered from all parts of the will, and such construction given as best comports with the purpose and intention of the testatrix. 90 Ark. 152; 98 Ark. 553; 113 Ark. 414; 116 Ark. 332; 13 Ark. 513; 31 Ark. 580; 73 Ark. 56; 98 Ark. 561; 104 Ark. 439; 105 Ark. 448; 111 Ark. 54; *Gist* v. *Pettus,* ms. op.

A will is not affected by any mistake of law or fact which induced the testator to make it; and a court can not amend or modify it so as to conform to what the court imagines the testator would have done but for such mistake. 2 Pom. Eq. Jur. (3rd Ed.) § 871; 16 S. E. 489; 32 Ala. 551; 25 S. E. 590; Rood on Wills, § 165.

The intention of the testator as expressed in the will must prevail if consistent with the rules of law. 31 U. S. 68; 116 Ark. 537; 146 Ark. 193; 116 Ark. 573.

The word "said" is a word of reference to what has already been spoken or specified, and referred to the grandsons, Edouard LeFlore and Chester Harwood LeFlore. 122 Ark. 336; 50 N. E. 135; 8 N. J. L. 182; 49 N. E. 87; 97 Ind. 497.

Wood, J. Mrs. Ida L. Foucar died testate at San Francisco, California, on February 1, 1920, having executed her will on the 27th day of February, 1918. The second clause of the will is as follows: "Second: I

give and bequeath unto my son Louis LeFlore, of Stigler, Oklahoma, and to his children living at the time of my death, the sum of one hundred ($100) dollars each. I purposely make no further provision for my said son Louis LeFlore, nor for any of his children, because my said son Louis enjoyed a larger share of his father's estate than either of my other two sons hereinafter mentioned and provided for, and because his present financial condition is materially better than that of either of his said two brothers." In the third clause the testatrix states the reason for not making any provision for her husband. In the fourth and fifth clauses she bequeaths to her two sons, Frank T. Le-Flore and Chester H. LeFlore, the sum of $10,000 each, and provides for the manner of succession in case of their death before her own. In the sixth clause she bequeaths to Frank A. Handlin, trustee, all the residue of her estate to be held by him for certain uses and trusts, which we will specify in paragraphs or items numbered from one to nine inclusive.

(1) and (2) confer upon the trustee the power to handle the property bequeathed to him; to invest the income therefrom upon such terms as he thinks advisable, and to pay the taxes, insurance, etc.

(3) In this item the trustee is directed to use the income from the estate bequeathed to him, or such portions thereof as may be necessary, or even the *corpus* thereof, if required, for the maintenance and education of her grandson Edouard B. LeFlore, son of Frank T. Le-Flore, and Chester Harwood LeFlore, son of Chester H. LeFlore, until they have reached their majority.

(4) This item directs that, five years after the death of the testatrix, the trust shall terminate as to one-half of the trust property and the "same shall go and belong equally to Frank T. LeFlore and Chester H. LeFlore," her sons.

(5) This item is as follows: "When each of my said grandsons arrives at the age of twenty-one years,

my said trustee shall pay to my said grandsons, out of said trust fund, the sum of five thousand ($5,000) dollars, and said trust shall end and terminate as to the sum of five thousand ($5,000) dollars when each of my said grandsons respectively reaches the age of twenty-one (21) years, and I do hereby give and bequeath unto each of my said grandsons, upon his arriving at the age of twenty-one (21) years, the sum of five thousand ($5,000) dollars.''

(6)   In this item the testatrix specifies that when her grandson, Chester Harwood LeFlore, reaches twenty-five years of age, the trust terminates as to one-half of the trust property then remaining after deducting therefrom the sum of $5,000 which is to be paid to her grandson, Edouard B. LeFlore, and her grandson Chester Harwood LeFlore then receives the remainder of the one-half of the trust property.

(7)   In this item it is provided that, when her grandson Edouard B. LeFlore reaches the age of twenty-five years, the trust shall terminate as to all the balance of the property, and she bequeaths the same at that time to him.

(8)   This item contains advice and suggestions to the trustee.

(9)   This item of the sixth clause of the will is substantially as follows: ''Upon the death of either of the sons of the testatrix, his share shall be held by the trustee, subject to the trust, and shall be paid to the son of such decedent when said grandson reaches the age of 25 years; provided, if said grandson dies before reaching 25 years of age, leaving issue, such issue shall take and receive said share when said grandson would have reached twenty-five; provided further that, should Edouard B. LeFlore die before he is 25 without issue, his mother, if living, shall succeed to his share, and the trust shall terminate thereto; but if Chester Harwood LeFlore should die before he is 25 without issue. his share shall be held by the trustee for the benefit of

Edouard B. LeFlore and shall be paid and delivered to him subject to the trust. If either of my said grandsons should die before becoming 21 or 25 years respectively, leaving issue him surviving, such issue shall take the share the parent would otherwise be entitled to, subject to the aforesaid trust, and at the time when the parent would have taken hereunder; provided, that if my said grandson Edouard B. LeFlore should die prior to reaching the age of 21 or 25 years, respectively, without issue him surviving, his father, if living, and if his father should have theretofore died, his mother, if living, shall succeed to the share or shares of my said grandson forthwith; and said trust shall terminate and end with respect thereto; provided, further, that if my said grandson Chester Harwood LeFlore should die prior to reaching the age of 21 or 25 respectively, without issue him surviving, his father, if living, shall succeed to the share or shares of my said grandson forthwith, and said trust shall terminate and end with respect thereto; but if his father shall have predeceased him, my said trustee shall succeed to the share or shares of my said grandson, to be held by my said trustee upon the uses and trusts aforesaid, and for the benefit of my grandson Edouard B. LeFlore, to be paid and delivered to him at the times and in the manner in said trust provided."

In the seventh and eighth clauses of the will the testatrix names Handlin as her executor, and, in the event of his death, she names whoever may be the president of the First National Bank of Fort Smith to succeed him, and directs that he may serve without bond, and confers upon him the power to handle the estate without obtaining an order of the court.

The concluding clause is a revocation of all other wills.

This action was instituted in the chancery court of Sebastian County by the appellants against the appellee as trustee and executor. The appellants contend, as shown by the allegations of their complaint, that under

the will they are each entitled to the sum of $5,000 when they become twenty-one years of age. They alleged that the trustee does not so construe the will, and they prayed that the will may be construed as they contend, and that the trustee be directed to adopt such construction.

The appellee, in his answer, denied that the will should be construed as contended by the appellants, and admitted that he contends that it was not the intention of the testatrix to bequeath to the appellants any other sum or amount than the sum of $100 mentioned in the second clause of the will.

In addition to the will, the testimony of Louis Le-Flore, the father of appellants, was heard. It was stipulated that the estate of the testatrix was of the value of $83,000; that Chester Harwood LeFlore, son of Chester H. LeFlore, was nineteen years of age on July 20, 1921, and that Edouard B. LeFlore, son of Frank T. LeFlore, was ten years of age on July 28, 1921. The court made findings and rendered a decree adverse to appellants' contention and dismissing their complaint for want of equity. From that decree is this appeal.

The will created a trust estate and named the appellee as the trustee to administer the same. The court of equity therefore had jurisdiction to construe the trust. In seeking a construction of this will, the practice approved in the case of *Williamson* v. *Grider*, 97 Ark. 588, 607 *et seq.*, was followed. See also *Booe* v. *Vinson*, 104 Ark. 439-444; *Heiseman* v. *Lowenstein*, 113 Ark. 404.

"Over and over again we have said that the rule in the construction of wills is to give effect to what appears to be the intention of the testator in view of all the provisions of the will." *Cook* v. *Worthington*, 116 Ark. 332. See also *Eagle* v. *Oldham*, 116 Ark. 565-573.

In the case of *Eagle* v. *Oldham*, *supra*, we cited and quoted *Smith* v. *Bell*, 31 U. S. 68, where Chief Justice Marshall said: "The first and great rule in exposition of wills (to which all other rules must bend) is that the intention of the testator expressed in his will shall pre-

vail, provided it be consistent with the rules of law.''
Other cases to the same effect are *Heiseman* v. *Lowenstein, supra; Union & Mercantile Trust Co.* v. *Hudson,*
143 Ark. 519; *Moore* v. *Avery,* 146 Ark. 193; *Finch* v.
*Hunter,* 148 Ark. 482.

In *Taylor* v. *McClintock,* 87 Ark. 243-274, we said:
''Every man has the untrammeled right to dispose of
his property by will as he pleases, with only such limitations as the statute may impose. The 'English law',
said Lord Chief Justice Cockburn, 'leaves everything to
the unfettered discretion of the testator, on the assumption that, though in some instances caprice or passion or
the power of new ties may lead to the neglect of claims
that ought to be attended to, yet the instincts, affections
and common sentiments of mankind may be safely
trusted to secure, on the whole, a better disposition of
the property of the dead, and one more accurately adjusted to the requirements of each particular case, than
could be obtained through a disposition prescribed by
the stereotyped and inflexible rule of general law.' (*Banks*
v. *Goodfellow,* L. R. 5 Q. B. 549).''

In the second clause of the will the testatrix bequeathed to her son, Louis LeFlore, and to his children
the sum of only $100 each, and assigned as her reason for
so doing that her son Louis enjoyed a larger share of his
father's estate than her other two sons, and that his financial condition was materially better than theirs.
Louis LeFlore was permitted to testify that he only received from his father's estate two horses which were
worth about $12.50 each. This testimony shows that the
testatrix was mistaken in the fact that he enjoyed a
larger share of his father's estate than either of his two
brothers. There is no ambiguity in the language of this
will when its various provisions are read together. The
above testimony therefore was wholly incompetent, because it cannot be proved that the testatrix was mistaken
in a fact which she clearly stated in the will for the
purpose of showing that her intention was really differ-

ent from that which her language plainly expresses. Nor is such proof competent for the purpose of showing that, but for the mistake of fact, her intention would have been different and expressed in a different manner. Where the intention is plainly expressed in the will, that intention must prevail and cannot be defeated by testimony *aliunde,* showing that the testator had in his mind a different intention from that expressed in his will, or that he would have expressed by his language a different intention if he had not been mistaken in some fact, financial or otherwise, connected with the beneficiaries mentioned in his will. *Booe* v. *Vinson,* 104 Ark. *supra; Webb* v. *Webb,* 111 Ark. 54; *Moore* v. *Avery, supra.*

"Equity," says Mr. Pomeroy, "has a very narrow jurisdiction to correct mistakes in wills, but only when the error appears upon the face of the will itself, so that both the mistake and the correction can be ascertained and supplied by the context, from a plain interpretation of the terms of the instrument as it stands. A resort to extrinsic evidence is never permitted, either to show a mistake or to ascertain the correction." 2 Pomeroy's Equity Juris., sec. 871.

The province of courts is to construe and interpret, but not to make or modify wills either to carry out their own ideas of equity and justice or to make a disposition of the property as they imagine the testator would have done if he had not made some mistake of law or fact. *Martin* v. *Thayer,* 16 S. E. 489; *Jones* v. *Crogan,* 25 S. E. 590; *Mosser* v. *Mosser,* 32 Ala. 551; Rood on Wills, sec. 165.

Now, applying the above rules, which are without exception and of universal application, to the will under review, it is impossible to escape the conclusion that by the second clause of the will the testatrix intended to give to the children of her son, Louis LeFlore, the sum of $100 and no more. The language of this clause of the will excludes them from any further participation in her estate. Whether she meant to do so or not, her

language is susceptible of no other interpretation. As we have seen, this meaning must prevail unless by the language of some subsequent clause the testatrix as plainly expresses the intention not to exclude them, but to allow them to further share in her estate. If there is a subsequent clause in the will wholly inconsistent with this second clause, then the last provision will overturn the former. *Little* v. *McGuire,* 113 Ark. 497; *Gist* v. *Pettus,* 115 Ark. 400.

The appellants contend that under the second clause of the will they are definitely included in the will under the language "unto my son, Louis LeFlore, and to his children"; that they are brought in under the designation "children" since they are the children of Louis LeFlore. Counsel is correct in this contention. Sec. 10507, C. & M. Digest; *Brown* v. *Nelms,* 86 Ark. 368-383. But, while the appellants are thus included in the will and bequeathed the sum of $100 each, they are likewise by the same clause excluded from any further provision.

The appellants contend that, having been brought into the will under the designation "the children of Louis LeFlore" in the second clause, they are not excluded by this or any subsequent clause in the will, but on the contrary are included in the 5th item of the sixth clause under the following language:

" * * * and I do hereby give and bequeath unto each of my said grandsons upon his arriving at the age of 21 years, the sum of $5,000." But, when the language thus quoted is taken in connection with all the language of the sixth clause preceding it, as well as with the language following, it is perfectly manifest that the testatrix intended to designate by the words, "said grandsons," her grandsons, Edouard B. LeFlore, son of Frank T. LeFlore, and Chester Harwood LeFlore, son of Chester H. LeFlore. In the third item of the sixth clause of the will, the word "grandsons" appears for the first time, and there the testatrix specifically designated her

grandsons, Edouard B. and Chester Harwood LeFlore, making provision for their education and maintenance.

In the second clause of the will the testatrix had bequeathed the sum of $100 to her son Louis, and the same amount to each of his children, and the sum of $10,000 to each of her two sons, Frank T. and Chester H. LeFlore. By the sixth clause, after the above bequests are taken out, the entire corpus of the estate remaining she bequeaths to Handlin, trustee, for the use and benefit of her two sons, Frank T. and Chester H. LeFlore, and their sons, her grandsons, Edouard B. and Chester Harwood LeFlore, and their lineal descendants. Throughout this entire sixth clause many references are made by name specifically to her grandsons, Edouard B. and Chester Harwood LeFlore, but nowhere are the names of appellants specifically mentioned, and no provision in this clause is made for them in the trust estate, unless they were intended to be included by the word "said" in the clause "to each of my *said* grandsons."

Appellant's contention would be more plausible, if they had been "before mentioned" by name in the second clause of the will. But, even if appellants had been designated and brought into the will by name, in the second clause instead of under the generic term "children," still the word "said" in the connection used in the sixth clause, could not be interpreted to mean, and to include, appellants. In *Moore v. Paving Imp. Dist. No. 20,* 122 Ark. 326-36 we defined the word "said" as follows: "It means aforesaid: before mentioned. It has also been defined as 'a word of reference to what has been already spoken of or specified, and if there is a question as to which of the antecedent things or propositions specified is referred to, it is generally held to refer to the last of such antecedent propositions or things." Citing *Hinrichsen* v. *Hinrichsen,* 172 Ill. 462-65; 50 N. E. 35, 34 Cyc. 1825. See also Webster's New Int. Dict., Funk & Wagnall's New Stand. Dict. "Said." *Church v. Mulford,* 8 N. J. L. 182; *Carver v. Carver,* 97 Ind. 497; Words & Phrases, Vol. 4, Second

Series, and Vol. 7, First Series "said." The term "said" being a relative word is understood as relating to the next antecedent. *Ellis* v. *Horine's Devisees*, 8 Ky. (1 A. K. Marsh) 417. The next "antecedent" of the word "said" in the clause "to each of my said grandsons" is found in the clause wherein the testatrix provides for the maintenance and education of her grandsons Edouard B. and Chester Harwood LeFlore. The word "said" unquestionably refers to them. The word "said" therefore cannot be construed to refer to appellants without ignoring its plain meaning and grammatical construction. We cannot do violence to the natural and logical use and meaning of words in order to iron out the seeming inequalities of Mrs. Foucar's will. A further analysis of the language of the will would discover still other reasons for the conclusion we have reached. But the above suffices to show that the only possible way to harmonize the second and sixth clauses of the will is to construe the second clause as expressing the intention of the testatrix to exclude the appellants from any further participation in her estate. That such was her intention we have no doubt, since it must be held that she meant what she said.

The decree of the trial court is correct, and it is therefore affirmed.