LOCKHART *v.* LYONS.

Opinion delivered July 4, 1927.

1. WILLS—RULE OF CONSTRUCTION.—The paramount rule in the construction of wills is to ascertain the intention of the testator from the language used, giving force and meaning to each clause in the entire instrument.

2. WILLS—PARTIAL INTESTACY.—Wills are to be so interpreted as to avoid partial intestacy, unless the language compels a different construction.

3. WILLS—CONSTRUCTION OF TESTAMENT.—A devise of all of the testator's lands west of Cadron creek in Conway County *held* to embrace a part of the land which was west of that creek but not in Conway County, where the testator otherwise disposed of all of his lands east of the creek and apparently intended to dispose of his entire estate.

4. WILLS—EFFECT OF RATIFICATION OF TESTATOR'S DEEDS.—An agreement by certain of testator's children, ratifying deeds made during deceased's lifetime conveying to them lands devised by his will, *held* to show that they understood that they had received all the land to which they would be entitled under the will.

5. WILLS—INTENTION OF TESTATOR.—The fact that the testator's widow and children by his second marriage continued in possession without objection by children of a former marriage *held* evidence that the parties understood the testator's intention to devise by imperfect description in the will all the lands occupied by the widow and her children.

Appeal from Faulkner Chancery Court; *W. E. Atkinson,* Chancellor; reversed.

*Edward Gordon* and *J. C. & Wm. J. Clark,* for appellant.

*R. W. Robins*; for appellee.

KIRBY, J.   This suit involves the title to certain lands devised by John Mallett of Conway County, Arkansas, and the construction of his will in making the disposition thereof.

Appellees purchased or leased a portion of same from the children and heirs of the said testator by his first wife, and they brought suit therefor against the widow and children of his last marriage, finally joining the children of the first marriage and the suit proceeding as one for partition.   From the decree adjudging all the children of both marriages heirs and cotenants, and partitioning the lands, this appeal is prosecuted.

Clause 2 of the will provides:  "After payment of my said debts and funeral expenses, I give to my heirs by my first wife, Elizabeth, all of my land in Faulkner County, Arkansas, east of Cadron Creek.   All of my land situated on the west side of the Cadron Creek, in Conway County, Arkansas, to my present wife, F. T. Mallett, and her children by me to share equally, my wife to have full control of said property so long as she remains my widow."   It then provides that the wife forfeit all said property if she marries again, and the said lands be divided equally among the children by her, and, at the death of the testator, if there be any surplus of personal property, same shall be divided "with both sets of children, each one sharing equally."

The lands in controversy, "all that part of the southeast quarter of section 34 (34) in township 8 (8) north, range 14 (14) west, that lies north and west of north Cadron Creek.   All that part of the south half of the southwest quarter of section 34 (34), in township 8 (8) north, range 14 (14) west, that lies north and west of North Cadron Creek," all lie north and west of Cadron Creek, but are not in Conway County.

After the will was made, the testator by deed conveyed to the sons of his first marriage, requiring them

to pay to their sisters a proportionate value to make the division equal, the lands that had been devised to the children by his first wife in the will.

When the will was offered for probate, the children of the first marriage filed with the probate judge an agreement ratifying the will, showing the conveyance of the lands devised in the will to them by the testator in his lifetime, as follows: * * * "We further ratify and affirm the deeds that the said John Mallett made in his lifetime to the following children: J. L. Mallett, J. P. Mallett, J. E. Mallett and S. E. Mallett, conveying to said children their part of his real estate, which deeds were executed after the will was made. Said deeds conveying to said children all the lands of said John Mallett in Faulkner County, Arkansas, lying east of Cadron Creek." This was signed by all the older set of heirs except Sallie Smith, who made an affidavit that she was willing to accept the will offered as the will of her father, and that the same be probated.

The testimony shows that not much of the lands north and west of Cadron Creek, devised to the younger set of heirs, was in cultivation, as most of it was hilly and broken, not well adapted to agriculture.

The testimony shows also that the bottom lands granted to the older set of heirs were about of equal value, many witnesses testified they were of greater value than the hilly lands, although some witnesses thought the latter were of more value. The widow and the younger set of children lived on the lands devised to them, and traded around among themselves, paying the taxes thereon, and had possession thereof, without any claim of ownership by any of the older set of heirs, until after their conveyance of the site for the store to the Lyons, appellees, to whom the appellants had refused to rent or sell any of the lands.

Appellants' contention that the chancellor erred in his construction of the will holding that the testator did not dispose of his entire estate, but died intestate as to the lands in controversy, is right, and must be sustained.

The true rule in the construction of wills, which can be said to be paramount, is to ascertain or arrive at the intention of the testator from the language used, giving consideration, force and meaning to each clause in the entire instrument. *Campbell* v. *Campbell,* 13 Ark. 513; *Booe* v. *Vinson,* 104 Ark. 439, 149 S. W. 524; *Moore* v. *Avery,* 146 Ark. 193, 225 S. W. 599; *Norris* v. *Johnson,* 151 Ark. 189, 235 S. W. 804; *LeFlore* v. *Handlin,* 153 Ark. 421, 240 S. W. 712; *Gregory* v. *Welch,* 90 Ark. 152, 118 S. W. 404.

A testator is presumed to intend to dispose of his entire estate, and it must be borne in mind, in the construction of wills, that they are to be so interpreted as to avoid partial intestacy, unless the language compels a different construction. *Booe* v. *Vinson,* 104 Ark. 439, 149 S. W. 524; *Badgett* v. *Badgett,* 115 Ark. 9, 170 S. W. 484; *Gibbons* v. *Ward,* 115 Ark. 184, 171 S. W. 90.

It is manifest from the provisions of the will, the whole instrument considered, that it was the intention of the testator to dispose of all his estate, and the chancellor erred in holding otherwise and that he died intestate as to the particular lands in controversy, which, although they were situated on the north and west side of Cadron Creek, were not in Conway County, the creek not being the county line through these lands.

There is no doubt about the intention to give to the testator's heirs, children by his first wife, all of his lands in Faulkner County east of Cadron Creek. The creek is the county line between the counties through certain of the lands. All the parties at interest understood this to be the case, and the testator, before his death, made deeds conveying these same lands, described in the will, to the sons of his first marriage, requiring them to pay to his daughters by said marriage, their sisters, an amount of money equal to the value of the lands each would have had had the land itself been divided among them all. These children and heirs, by their written agreement "ratifying the will" and consenting to its probation, without notice, as the last will and testament

of their father, John Mallett, stated they accepted its provisions and ratified and affirmed the devises therein contained, and "we further ratify and affirm the deeds that the said John Mallett made in his lifetime to the following children": the sons of the first marriage, naming them, * * * "conveying to the said children their part of his real estate, which deeds were executed after the will was made. Said deeds conveying to said children all the lands of said John Mallett in Faulkner County, Arkansas, lying east of Cadron Creek." This ratification agreement was signed by all the children of the first marriage, except Sallie Smith, whose affidavit was filed therewith, and it recites that the deeds from the testator in his lifetime were made to the sons, naming them, "conveying to said children their part of his real estate, which deeds were executed after the will was made," and the undisputed testimony shows that these grantees were required to pay to their sisters, the other children of the first marriage, an amount of money equal to their share of the lands so conveyed, as if they had been conveyed to them all.

This shows that the testator and his heirs, the children of the first marriage, all understood that they were receiving and that the testator had distributed to them, in his lifetime, all the lands that were proposed to be devised to them in the will.

The fact that the younger set of heirs and the widow continued in possession of all the lands devised to them by the testator, north and west of Cadron Creek, upon which they were living at the death of the testator, without any objection on the part of the children of the first marriage, who had received their distribution of the father's estate before his death, except an occasional sporadic complaint, that is but recently attempted to be made a claim of right to a division of these lands, also shows that all the parties understood the testator's intention in making the devises, and this could be determined from extrinsic evidence, if it were necessary to resort to such evidence to discover the intention of the testator, which

does not seem to be the case here. *Eagle* v. *Oldham,* 116 Ark. 565, 174 S. W. 1176, 1199.

It follows that the chancellor erred in the construction of the will, and his finding that the older set of heirs had not acquiesced in its proper construction by their written statement of it and had been making a claim of right to a division of the lands in controversy, which they claimed undisposed of by the will, as heirs of the testator, is clearly against the preponderance of the testimony. It follows that the decree must be reversed, and the cause remanded 'with directions to enter a decree quieting the title of appellants to the said lands and canceling the lease or conveyance of any part thereof by the said older set of heirs, appellees, as a cloud on the title of appellants, and for all further necessary proceedings therefor in accordance with the principles of equity and not inconsistent with this opinion. It is so ordered.