No. 29,804.

In the Matter of the Estate of Augusta L. Woelk, Deceased;
Myrtle L. Lippincott, *Appellant,* v. P. H. Zuërcher,
Executor, *Appellee.*

(296 Pac. 359.)

Opinion

filed March 7, 1931.

*H. S. Rogers*, of Larned, and *A. L. Moffat*, of Kinsley, for the appellant.
*W. H. Vernon* and *J. S. Vernon*, both of Larned, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This appeal presents a question raised first in the probate court and then, on appeal, in the district court on the final accounting of an executor. The facts found by the trial court, so far as necessary to understand the question presented here, are as follows: On May 27, 1927, Augusta L. Woelk executed her will, by which she made bequests and devises to each of her children, and by paragraph 8 she devised "to P. H. Zuercher, in trust for the use and benefit of the two sons of Myrtle L. Lippincott, my daughter, in equal shares, an undivided one-sixth interest in and to" certain described land. The trustee was authorized to sell the interest of such children in the land and invest the proceeds and pay over to each of them his share at the time he attained the age of twenty-four years. The paragraph continues:

"Owing to the fact that my daughter, Myrtle L. Lippincott, is indebted to me upon an account, as hereinafter in this will more specifically set forth, it is my will and desire that the bequest herein made in trust to my two grandchildren, the sons of said Myrtle L. Lippincott, is made subject to the payment out of their beneficial shares of the amount of her said indebtedness to me, and I do hereby direct my executor to first deduct from their inheritance the amount of her said indebtedness, and that my said executor shall then account to himself as trustee for the balance due to them after deducting the amount of my daughter's said indebtedness."

Paragraph 11 reads:

"Inasmuch as my daughter, Myrtle L. Lippincott, is indebted to me in the sum of $500 with interest at six per cent from January 1, 1913, upon an account for money loaned her, and inasmuch as certain of my other children are indebted to me upon certain notes and accounts, it is my will and desire, and I do hereby direct my executor hereinafter named to require each of my said children to account to my estate for any and all sums owing by them to me at the time of my decease, and that any amounts owing by said heirs shall be deducted from their respective shares in the final distribution of said estate. Provided, that the amount due and owing to me from my daughter, Myrtle L. Lippincott, is hereby directed to be deducted in the manner specified in paragraph 8 of this will."

Augusta L. Woelk died about November 12, 1927; her will was duly probated, and P. H. Zuercher was appointed and qualified as executor. In making his final settlement the executor credited the estate with $500 and interest thereon since January 1, 1913, and

deducted the same from the share of the estate given the two sons of Myrtle L. Lippincott. Myrtle L. Lippincott objected to the deduction from the share of her sons and offered evidence that on March 1, 1914, she borrowed $500 from her father and mother, executing a note therefor, which note was paid May 16, 1918, and that on June 9, 1920, she borrowed $200 from her mother and gave her note therefor, which note was paid July 26, 1920, and that aside from these two transactions she never became indebted to her mother in any sum. The trial court concluded, as a matter of law, that Myrtle L. Lippincott cannot dispute the statement contained in the will of her mother regarding her indebtedness, and that any evidence offered for that purpose is inadmissible.

Myrtle L. Lippincott appealed, and contends that, taking into consideration all the provisions of the will, the testatrix did not require the $500 and interest to be paid out of the portion of the estate given to the two sons, but intended only that such sum as was found to be due at her death should be charged against the sons' shares. In support of this contention appellant relies upon the following language in paragraph 11:

"It is my will and desire, and I do hereby direct my executor hereinafter named to require each of my said children to account to my estate for any and all sums owing by them to me at the time of my decease."

It is clear, however, from other provisions of the will, that this quoted portion related to indebtedness of children other than appellant, for the testatrix, in her will, definitely fixed the amount which she said was due her from appellant, and specifically directed how that should be paid. Appellant, having accepted bequests and devises under the will, is not in position to dispute the provision of the will in which the testatrix says appellant was indebted to her in the sum of $500 on account for money loaned March 1, 1913. In *Hopper v. Sellers*, 91 Kan. 876, 139 Pac. 365, the testatrix claimed in her will that two sons were indebted to her in stated amounts, and provided that unless such amounts were paid before her death they should be deducted from the sons' portions of the estate. It was held that extrinsic evidence was not admissible to dispute the claim of indebtedness made in the will and thereby increase the shares given to the sons. (See, also, *Lytle v. Wade*, 129 Kan. 671, 284 Pac. 411, where a similar question is discussed.)

In *Townsley v. Townsley*, 167 Ia. 226, a question arose about an

indebtedness of one of the sons to his father, then deceased. The father had made a will in which he recited certain notes which he then held against the son. In the opinion it was said:

"It would have been competent for the testator to charge such amount against the share of Charles, whether he was right or wrong in including it as an existing indebtedness; but he did not do so. He simply required the share to be applied to such of the notes as remained unpaid at the time of his death." (p. 229.)

There is no provision of that kind in this will. In *Eichelberger's Estate*, 135 Pa. St. 160, a similar question arose, and in the opinion it was said:

"The fact of the indebtedness of each child, and the amount thereof, was a matter within the personal knowledge of the testator, and he had a right to say that the indebtedness of his children, as he stated it in his will, should be deducted from their shares. Even if a mistake has been made I am unable to see how it could be corrected upon distribution without making a new will for the testator. . . . A legatee is but a volunteer, at best, and must take the bounty of the testator upon the terms in which it is bestowed." (pp. 170, 171.)

In *Dunshee v. Dunshee*, 243 Pa. St. 599, a father, in his will, had charged a certain indebtedness against a son. It was strongly urged that the father made a mistake in the amount of the indebtedness charged against the son, and that this is a matter which the court, in the exercise of its equitable powers, may correct. The court said:

"A finding by the court in conflict with the express provisions of the will would in effect strike down that provision and deny the right of the testator to annex to the gift such conditions as he thought proper to impose. We are not familiar with any authority, and none has been called to our attention, which gives to a court of equity the power to do what appellant asks to be done in these proceedings. . . . The attempt is here made to have a court of equity inquire into the transactions and business dealings between the father and the son prior to the making of the will and codicils for the purpose of showing that the father made a mistake in fixing the exact indebtedness of the son to him at the time of the testamentary disposition of his property. That this cannot be done was squarely ruled in *Eichelberger's Est.*, 135 Pa. 160." (p. 601.)

In *LeFlore v. Handlin*, 153 Ark. 421, where a will, giving $100 to a son and each of his children, stated the testatrix purposely made no further provision for them because the son received a larger share of his father's estate than the other children, it was held that evi-

dence was not admissible to show that she was mistaken as to the amount received by the son from his father's estate.

These decisions accord with the general rules of law pertaining to the matter. (28 R. C. L. 220; 40 Cyc. 1439; 2 Underhill on Wills 1404.)

From these authorities it is clear that the judgment of the court below was correct, and it is affirmed.