THOMASON *v*. PHILLIPS.

4-4128

Opinion delivered January 27, 1936.

*Karl Greenhaw,* for appellants.

*George A. Hurst,* for appellee.

BAKER, J.   Z. M. Thomason died in Washington County, leaving a will for the disposition of his property. He left two sons, the appellants here, and a third son, Vol. W. Thomason, to whom he bequeathed the sum of one dollar.   Vol. W. Thomason had two children, James W. Thomason and Polly L. Thomason.   To these children, after making other bequests, the testator willed one-third of the residue of his estate, that is, each of them took a one-sixth part in said estate.

Vol. W. Thomason and his wife, Dessie, separated, and Dessie Thomason later secured a divorce and married Phillips.   She was appointed guardian of her two minor children.   Vol. W. Thomason conveyed to his wife certain real property, but the most of it was subject to indebtedness that he owed, the payment of which indebt-

edness was incumbent upon her if she expected to keep the property. A part of this property was a residence building at Springdale, Arkansas, upon which there was a debt of approximately $2,000.

The probate court, by order duly made, authorized and directed the executors of the last will and testament of Z. M. Thomason to pay to the guardian, Mrs. Phillips, about $2,000, of the Z. M. Thomason estate, to be used by her to pay off a mortgage upon the homestead, which Mrs. Dessie Thomason had taken over from her husband. She was then residing upon this property with Mr. Phillips, whom she had married after her divorce from Vol. W. Thomason. Mrs. Phillips conveyed this property to her two minor children and used the money to pay off the mortgage. There was another mortgage on some filling station property, which property was in charge or control of Phillips, who operated the filling station upon it. This indebtedness amounted to about $1,200. This mortgage was foreclosed. The property was sold, and Phillips became the purchaser.

About this time the final settlement of the estate of Z. M. Thomason was filed, which showed a balance belonging to these two minor children, James W. Thomason and Polly L. Thomason. Mrs. Phillips, their mother and guardian, filed a petition in the probate court praying for an order directing the executors of the Z. M. Thomason estate to pay over to her as guardian for the two children this $1,200 found to be due upon the final settlement. The executors of the estate opposed this order, and, when it was made by the probate court, appealed to the circuit court, which affirmed the order and judgment of the probate court. From that judgment of the circuit court they appealed.

The appellants urge here, as they did in the probate court and in the circuit court, the fourth paragraph of the will of Z. M. Thomason, which is as follows:

"Fourth. It is my will that my executors shall have full power to sell and dispose of any and all of the property belonging to my estate in any manner that they may deem proper and right, without any process of law or probate proceedings, and they are further au-

thorized, empowered and instructed to then divide the residue of my estate as hereinbefore set out, with strict instructions that all the proceeds of the property to which James W. Thomason may be entitled shall be invested in Government bonds by said executors and kept so invested for the use of the said James W. Thomason until he shall have arrived at the age of 21 years, and with strict instructions that all the proceeds of the property to which Polly L. Thomason may be entitled shall be invested in Government bonds by said executors, and kept so invested for the use of the said Polly L. Thomason until she shall have arrived at the age of 18 years.''

The question therefore is, shall the provisions of the will control or govern the disposition of this estate, or shall we approve the substitution of the judgment and order of the probate court, as affirmed by the circuit court?

With the proposition of the expediency or propriety of the judgment of the probate court, as distinguished from the legal authorization for the administration of the estate of Z. M. Thomason, we have nothing to do, nor do we think the probate court had any authority, under the facts here stated, to administer the estate, except under the provisions of the will. The probate court held, in making its order, that the money or property bequeathed by Z. M. Thomason to his two grandchildren did not constitute a trust fund. We doubt seriously the power of the probate court to make such a construction of the will, in order to make a judgment for disbursement.

At any rate, such construction or declaration was erroneous. It is true the testator did not say that he was creating a trust, but he did all that was required to create a trust. He provided a method or means for the holding of the funds and the investment of the accumulations of earnings or profits until the grandson should have attained the age of 21 years and the granddaughter the age of 18 years.

It was his property. His right to dispose of it by will has not been questioned. The power to destroy the will by construction does not exist. *LeFlore* v. *Handlin,* 153 Ark. 421, 240 S. W. 712; *Stifft* v. *W. B. Worthen*

*Co.,* 177 Ark. 204, 6 S. W. (2d) 527; *Hicks Mem. Christian Association* v. *Locke,* 178 Ark. 892, 12 S. W. (2d) 866.

The announcements made in these cases just cited justify completely the foregoing statements.

It is suggested that § 3 of the will gives to these grandchildren one-sixth of the said residue of the estate absolutely. That is true, but the will is not composed entirely of § 3. Section 4 is as much a part of the will as § 3, and it must all be read together. *Webb* v. *Webb,* 111 Ark. 54, 163 S. W. 1167. If there is any conflict, the last provision is controlling. *Little* v. *McGuire,* 113 Ark. 497, 168 S. W. 1084; *Gist* v. *Pettus,* 115 Ark. 400, 171 S. W. 480.

It is also argued by the appellee that the appellants here made no objection to the first order of the probate court, whereby the $2,000 was paid over to the guardian. No authority is cited as to why this should be repeated, though it is strongly urged that it is reason for the making and enforcement of the second order. We are unable to see or appreciate that argument. The first order was probably made as a matter of expediency, but with that we have nothing to do. It is not before us. It certainly furnishes no legal reason for the second order. It did not become the basis or habit or custom in the course of business, or in any manner justify the disposition of property or disbursement order not in accordance with the will.

We concede that the appellee has presented strong and forceful arguments, no one of which, however, is supported by any citation of authority.

The executors were appointed to administer the estate in accordance with the will. It was and is the duty of the probate court, in the exercise of its jurisdiction, to aid the executors in the discharge of these duties which they have assumed.

The circuit court was in error in affirming judgment of the probate court.

Its judgment is therefore reversed, and the cause is remanded with directions to the circuit court to set aside the order of the probate court directing the payment of this fund to the guardian, that the estate may

be administered properly under the will, and not contrary to this opinion.