THOMASON *v.* PHILLIPS.

4-4439

Opinion delivered December 7, 1936.

*Oscar E. Williams,* for appellants.

*George A. Hurst,* for appellees.

BUTLER, J. Prior to the institution of the present proceedings, the executors of the last will and testament of Z. M. Thomason filed a final settlement of the estate showing a balance belonging to two minor children, James W. Thomason and Polly L. Thomason, to whom was bequeathed in equal parts a one-third of the residue of the estate of the testator. Mrs. Dessie Phillips, their mother and guardian, filed a petition in the probate court for an order directing the executors to pay over to her as guardian the balance due the two children on final settlement. The executors opposed the prayer of the petition, and appealed from an order granting it to the circuit court which affirmed the order of the probate court. On appeal to this court it was held that the order and judgment of the probate court in the first instance, and of the circuit court on appeal were erroneous. The judgments were reversed and remanded with directions to the circuit court to set aside the order of the probate court directing the payment of the funds to the guardian, and that the estate should be administered properly under the will, and not contrary to the views expressed in the opinion. *Thomason* v. *Phillips,* 192 Ark. 107, 90 S. W. (2d) 228.

On February 4, 1936, the appellants, executors of the estate, instituted the proceeding from whence this appeal comes in the Washington Chancery Court alleging the probate of the will of Z. M. Thomason, deceased, certain specific bequests made therein, the disposition made by the will as to the residue of the property, their appointment as executors and trustees under the will, the directions in said will with respect to the property devised to the minor grandchildren of the testator, and that they had fully administered said estate in the probate court, and had filed their final settlement which had been approved by the court. It was also alleged that they

held in their hands the sum of $1,213.07 which had been invested in Federal Land Bank bonds. They invoked the jurisdiction of the court to supervise and control the administration of the testamentary trust until the same should be fully consummated. Appellants further alleged that in obedience to the order of the probate court they paid to the clerk thereof the sum of $2,171.22 to pay off a certain mortgage with the understanding that the guardian would convey to said minors certain business property in Springdale, Arkansas, worth considerably more than said sum; that the order of the probate court was void and in obeying same "they probably violated the provisions of the testamentary trust and that they should now recover said fund and invest same in government bonds as provided in the will of Z. M. Thomason." Certain other allegations were made relating to other orders of the probate court which we deem it unnecessary to set out. They further prayed the court to pass upon the validity of the order of the probate court "with reference to the $2,171.22 turned over to the guardian under the order of the probate court in consideration of conveying the business building in Springdale," and that the court "say whether or not said deed should be construed as a mortgage, and, if so, to require said amount to be paid to said trustees in order that they might invest same in government bonds, or to give them a decree of foreclosure."

The appellees answered among other things alleging that under a proper construction of the will of Z. M. Thomason the property devised to the minors vested absolutely in them by paragraph No. 3 of the will, and that the said guardian was entitled to the control and management of the property of her wards. They joined in a prayer for proper construction of the will and asked that the executors be directed to deliver to the guardian the funds of the minors remaining in their hands, and that they take nothing by their complaint. The will was made an exhibit and, upon a hearing of the case, the court found that by paragraph No. 3 of the will title vested in the minors, James W. and Polly L. Thomason, that the attempted limitation over in para-

graph No. 4 is void, that said will did not create a trust estate, and that the guardian should have judgment for the funds in the hands of the executors and that which had been paid in by them into the registry of the court.

The appellants contend that the identical issues involved in this appeal were involved in the case of *Thomason* v. *Phillips*, 192 Ark. 107, 90 S. W. (2d) 228, heretofore referred to, and that the opinion in that case, whether right or wrong, is the law of the case when the cause is remanded. We pass a consideration of this contention and proceed to that involving the construction placed upon the will by the court below. The paragraphs of the will involved are the third and fourth which are as follows:

"Third: After the payment of my just debts and legacies above set out, I devise and bequeath all the remainder of my property as follows: John F. Thomason, one-third; George Gibson Thomason, one-third; James W. Thomason, grandson, one-sixth; Polly L. Thomason, granddaughter, one-sixth."

"Fourth: It is my will that my executors shall have full power to sell and dispose of any and all of the property belonging to my estate in any manner that they may deem proper and right, without any process of law or probate proceedings, and they are further authorized, empowered and instructed to then divide the residue of my estate as hereinbefore set out, with strict instructions that all proceeds of the property to which James W. Thomason may be entitled shall be invested in Government bonds by said executors and kept so invested for the use of the said James W. Thomason until he shall have arrived at the age of 21 years, and with strict instructions that all proceeds of the property to which Polly L. Thomason may be entitled shall be invested in Government bonds by said executors and kept so invested for the use of said Polly L. Thomason until she shall have arrived at the age of 18 years."

The conclusion reached by the trial court was doubtless based upon its conception that the rule announced in 40 Cyc. at page 1585, cited with approval in *Combs* v.

*Combs,* 172 Ark. 1073, 291 S. W. 818, was applicable in the instant case. That rule is as follows: ''Where property is given in clear language sufficient to convey an absolute fee, interest thus given should not be taken away or diminished by any subsequent, vague, or general expressions in the will. Where fee is clearly given, a limitation over the remainder is void as inconsistent with the fee granted, whether the gift over is expressed to be of what remains, or may be left, or the residue, or is on death of the first taker without having disposed of the property.'' This rule has been approved in somewhat different language in many of our cases which are brought to our attention by counsel for appellees, beginning with the early case of *Moody* v. *Walker,* 3 Ark. 187, followed by the cases of *Carl-Lee* v. *Ellsberry,* 82 Ark. 209, 101 S. W. 407; 12 L. R. A. (N. S.) 956, 118 Am. St. Rep. 60; *Letzkus* v. *Nothwang,* 170 Ark. 403, 279 S. W. 1006; and *First National Bank of Fort Smith* v. *Marre,* 183 Ark. 699, 38 S. W. (2d) 14.

The trial court overlooked an important distinction to be drawn between the case at bar and the cases cited. The core of the reason underlying the decision in each of these cases is that in the devise of an estate in fee to real property or a bequest absolute in personal property on the death of the donor the donee if *sui juris* takes the estate with its necessary incidents, among which is the right to immediate possession with power of immediate alienation. This is particularly noticed in the case of *Hobbs* v. *Smith,* 15 Ohio St. 419, cited with approval in *Letzkus* v. *Nothwang, supra.* ''By the policy of our laws, it is of the very essence of an estate in fee simple absolute that the owner, who is not under any personal disability imposed by law, may alien it or subject it to the payment of his debts at any and all times; and any attempt to evade or eliminate this element from a fee simple estate, either by deed or by will, must be declared void, and of no force.''

In the case at bar the minor donees were entitled neither to the immediate possession nor to the right of alienation. Both of these incidents were supended dur-

ing their minority and therefore the limitation in paragraph No. 4 of the will did not deprive them of any present right in the property conveyed by the will, but merely substituted the control and management of the same by their guardian under order of the probate court for that of the executors with direction as to the disposition of the property and the investment of its proceeds. This distinction is implied in the expression of the court in *Hobbs* v. *Smith, supra,* and we hold it one such as to bring the instant case from within the rule announced in the cited cases. With this distinction in mind, it is clear that, while the words "trust" and "trustees" were not used by the testator, the same were implied. When paragraph No. 4 is considered in its entirety, it is clear that power was given the executors to sell the property devolving upon the minors, and its exercise was not left to their discretion. If this were not true, then the expression, "all proceeds * * * shall be invested in Government bonds, etc.," would be meaningless. This creates an implied trust. "The testator in the will imposes the duty upon the executors of selling the property of the testator after paying his indebtedness, dividing the fund among his brothers and sisters and their heirs, which, in effect, created a trust." *Norris* v. *Johnson,* 151 Ark. 189, 235 S. W. 804. See, also, Perry on Trusts, 7th Ed., Vol. 1, § 121.

When we read paragraph No. 4 as a whole, it is clear that the property devised to the minors is ordered to be sold by the executors and invested in a certain manner. It is also clear that the question of sale is not left to the judgment of the executors, but is an imperative mandate of the testator; they are not only to sell the property, but to invest the proceeds in a certain manner. The result of this direction works an investiture in the executors as trustees of the legal title to the property until the accomplishment of the trust as effectually as if it had been devised to them in specific terms for the purpose named. *Crane* v. *Bolles,* 49 New Jersey Eq. 373, 24 Atl. 237; *Webster* v. *Thorndyke,* 11 Washington 390, 39 Pac. 677; *First National Bank of Fort Smith* v. *Marre,*

*supra.* Therefore, paragraph 4 of the will of Z. M. Thomason is not repugnant to paragraph 3 and both paragraphs should be upheld by which is conferred upon the executors as trustees the right to the exclusive possession and management of the funds arising from the sale of the interest of the minors in property devised in accordance with the direction of the testator.

It follows that the order of the probate court directing the payment of $2,171.22 to the clerk to be invested in real property was void and all actions taken in pursuant to said order are of no effect.

In a decree rendered previous to the decree appealed from the money heretofore paid to the guardian and invested by her is ordered paid to the clerk and to be held by him pending the decision relating to the construction of the will, and in that decree the court held the deed executed by Mrs. Phillips, the guardian, in her individual capacity to the minors was to be deemed to be a mortgage. We presume the order of the court has been obeyed and the money is now in the registry of the court and should be paid to the executor, which, with other funds of the minors derived from the provisions, should be invested as prescribed by § 4 thereof.

The decree of the court below is reversed and remanded for proceedings in conformity to the principles of equity, and not inconsistent with this opinion.