## KING *v.* BYRNE.

### Opinion delivered October 25, 1909.

WILLS—OMISSION TO NAME HEIR.—Under Kirby's Digest, § 8020, providing that "when any person shall make his last will and testament, and omit to mention the name of a child, if living, or the legal representatives of such child born and living at the time of the execution of such will, every such person shall be deemed to have died intestate," etc., the great grandchild of a testatrix cannot recover upon the ground that she was not mentioned in the will of her ancestress if she was not living at the time the will was made, or if her mother was then living and was named by class as a grandchild.

Appeal from Lafayette Chancery Court; *Emon O. Mahoney,* Chancellor; affirmed.

*D. L. King,* for appellant.

1. Under the will of Alexander Byrne, Francis Byrne took a life estate. Irene Lewis, mother of appellant, took one-fifth remainder and Blanche King, her only child, is the owner of said one-fifth of Alex. Byrne's estate. 22 Ark. 567.

2. As to Blanche King, under section 8020, Kirby's Digest, Francis Byrne died intestate, there being no mention of her other heirs. 23 Ark. 569; 31 *Id.* 145; 87 Ark. 204-7; 86 Ark. 368.

3. The paragraph declaring her wish that her sons contribute to her grandchildren is advisory merely, not binding. 14 L. R. A. 33.

*L. A. Byrne,* for appellees.

The will provided for all the children, and was effective as to the grandchildren, they being named as a class. 86 Ark. 369.

BATTLE, J. This suit was brought by 'Blanche King in the Lafayette Chancery Court against Lawrence A. Byrne, C. L. Byrne, J. V. Brame and Henry Moore, for the recovery of lands. She alleged in her complaint that Alexander Byrne died seized and possessed of personal and real property, and left a last will and testament, and thereby devised and bequeathed to his wife, Francis Byrne, all his property for and during her natural life and one-fifth of his estate remaining at the death of Francis Byrne to his granddaughter, Irene Lewis, who died leaving the plaintiff, Blanche King, her only child and heir surviving; and alleged that Irene Lewis was the granddaughter of Francis Byrne, and that she (Lewis) died leaving plaintiff, her only child and heir surviving as before stated; that Francis Byrne made a will on the 4th day of September, 1888, without naming plaintiff or providing for her therein, which was duly probated and admitted to record, and that Francis Byrne died seized and possessed of certain real estate. She did not allege that any of the estate of Alexander Byrne remained after the payment of his lawful debts, or that she (plaintiff) was living at the time Francis Byrne executed her last will and testament. She asked for a decree for one-fifth of the real estate of which Alexander and Francis Byrne severally died seized and possessed.

The defendants answered and denied that any of the estate of Alexaner Byrne remained after the payment of his lawful debts, and that plaintiff was living at the time Francis Byrne executed her last will and testament.

Upon the final hearing of the cause, the court dismissed plaintiff's complaint for want of equity; and she appealed to this court.

It was not claimed or shown that any of the estate of Alexander Byrne, deceased, remained after the administration of his estate and the payment of his debts. We take that fact as conceded. It is not alleged or shown that plaintiff was living when Francis Byrne made her will. She claims that she is entitled to share in the property of Francis Byrne, deceased, on the theory that she died intestate as to her, Mrs. Byrne not having named or provided for her in the will, which, so far as it affects this cause, is as follows:

"3d. After all of my funeral expenses and debts have been fully discharged, then all of the remainder of my property, personal and real, moneys, credits, choses in action, of whatever name, nature or description, which may come to my ownership, by bequest, devise or purchase, I hereby bequeath and devise absolutely unto my two sons, Lawrence A. and Cassius L. Byrne, to be shared in by them equally, and to be taken by them absolutely, at my death.

"While I have bequeathed and devised all my property absolutely to my said two sons, it is my wish that they shall, from time to time, contribute out of my said estate such sums of money or property to my grandchildren as they may require or need to relieve their wants, leaving my said two sons to use their own discretion as to the time and manner of such contributions, believing that they will do what is right and equitable in the premises."

The following is the statute upon which appellant bases her claim: "When any person shall make his last will and testament, and omit to mention the name of a child, if living, or the legal representatives of such child born and living at the time of the execution of such will, every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such proportion, share and dividend of the estate, real and personal, of the testator as if he had died intestate, etc." Kirby's Digest, § 8020.

Appellant cannot recover under this statute, because it is not shown that she was living at the time the will was made. If her mother, Irene, was living then, she could not recover because the latter was mentioned by class (grandchildren) in the will. *Brown* v. *Nelms*, 86 Ark. 368. It is alleged by plaintiff and not denied by the defendants that appellant's grandmother, Mary Lewis, born Byrne, the daughter of Alexander and Francis Byrne, is dead, but it is not alleged or shown when she died.

The burden was upon the plaintiff to show that she was entitled to recover, and she has failed to do so.

Decree affirmed.