Jackson *v.* Robinson.

4-4900

Opinion delivered January 17, 1938.

432

*D: G. Beauchamp,* for appellants.

*Wm. F. Kirsch* and *Maurice Cathey,* for appellees.

MEHAFFY, J.   On July 16, 1913, Richard Jackson made a will disposing of his property.   The paragraphs, second and fourth, are the only ones necessary to set out, and they are as follows:

"Second.   I give, devise and bequeath to my wife, Jennie Jackson, all and entire my real and personal property of every nature and kind and wheresoever situated, with full power in her as executrix, jointly with my executor, A. W. Jackson, to sell and convey any and all real estate of which I may die seized and possessed and wheresoever situated and to pass an absolute title in fee to the purchaser or purchasers thereof.

"Fourth.   Having confidence in my wife, I have made no provision for my children, Clara Jackson Robinson, Tennie Jackson Donaldson, A. W. Jackson, Emma Jackson and Mabel Jackson Herget, but it is my desire that after the death of my wife that all of the property which may not have been sold, conveyed or otherwise disposed of by her during her life shall then go to my children in equal parts, the children of any child that may be dead taking the deceased parent's part."

Richard Jackson, on February 10, 1917, and at the time of his death, was the owner of the property involved

in this suit. On November 9, 1926, Mrs. Jennie Jackson, widow of Richard Jackson, deceased, made a will conveying the property owned by her at that time, which included the property involved in this controversy. Mrs. Jennie Jackson died December 3, 1936.

The appellees brought this suit in the Greene chancery court to partition the property involved in this suit. The appellees are the heirs at law of Richard Jackson, deceased. The court entered a decree holding that the property belonged to the heirs of Richard Jackson, deceased.

Appellants state in their brief that there is but one issue in this case, and that is: Under the last will and testament of Richard Jackson, deceased, did Mrs. Jennie Jackson, his widow, take an interest in property belonging to him at the time of his death, and not disposed of by her during her lifetime, which she might devise by will?

Appellees' contention is that Mrs. Jennie Jackson took only a life estate with power to use and dispose of her property during her lifetime. It is conceded by the appellants that if this be true, the decree of the chancellor is correct.

The appellants are correct in the statement that the purpose of construction is to arrive at the intention of the testator; but that intention is not that which existed in the mind of the testator, but that which is expressed by the language of the will.

But it is also true that the intention is to be collected from the whole will and from a consideration of all the provisions of the instrument, taken together, rather than from any particular form of words. The language employed in a single sentence is not to control as against the evident purpose and intent as shown by the whole will. 28 R. C. L. 214 *et seq.*

Attention is called by appellant to the case of *First Nat'l Bank of Ft. Smith* v. *Marre,* 183 Ark. 699, 38 S. W. 2d 14. The court said in that case: "It is the duty of the court to ascertain and effectuate the intention of the testator, but this rule is subject to an important qualification, namely, that the intention must not be at variance

with recognized rules of law; and when it is so found, the attempt by the testator to carry this intention into effect will prove abortive.''

The intention expressed in the will of Richard Jackson, we think, appears clearly from the second clause of the will, and certainly when the whole will is considered the intention of the testator is manifest. While the second clause says that the testator gives his entire property to Jennie Jackson, it states: ''with full power in her as executrix, jointly with my executor, A. W. Jackson, to sell and convey any and all real estate,'' etc. This is not in conflict with the fourth clause of the will. If it had been the intention of the testator to give her the property in fee simple, there would have been no necessity to say that she might have power to sell jointly with the executor. If the property were given to her in fee simple, there would be no reason to say anything about her power to sell. She would necessarily have had that power. But when the testator stated that she, jointly with the executor, A. W. Jackson, had power to sell, it necessarily meant that she was given a life estate with power to sell, jointly with the executor.

The fourth clause of the will provides that it is the desire of the testator that all of the property not sold or conveyed or otherwise disposed of by his widow during her life shall then go to his children. When these clauses of the will are considered together, there can be no doubt that the testator intended to give Mrs. Jackson power to sell and dispose of all property during her lifetime; but it also clearly appears that he intended that all property not sold or disposed of during her life should go to his children.

We think it evident that when the testator said, having confidence in his wife, he had made no provision for his children, simply meant that he had confidence that she would not unnecessarily dispose of the property to the injury of his children.

All of our cases are to the effect that the object in construing wills is to ascertain the intention of the testator. This must be done from and language used as it appears from a consideration of the entire instrument,

and when such intention is ascertained it must prevail, if not contrary to some rule of law, the court placing itself as near as may be in the position of the testator when making the will. *Witten* v. *Wegman,* 182 Ark. 62, 30 S. W. 2d 834.

Since the second paragraph of the will gives Mrs. Jennie Jackson the right to dispose of the property only when joined by the other executor, and the fourth clause provides for that portion of the property not disposed of by her during her lifetime to go to his children, there is no repugnancy between the two clauses of the will.

If an estate in fee had been given or intended, the testator would not have provided that she, jointly with the executor, might sell the property; because, if given to her in fee, she would have had an absolute right to dispose of it. *Baum* v. *Fox,* 192 Ark. 406, 91 S. W. 2d 601.

When the whole will is considered there appears to be no doubt about the intention of the testator.

''The cardinal rule of testamentary construction is to ascertain the intent of the testator and give effect to it, unless the testator attempts to accomplish a purpose, or make a disposition contrary to some rule of law or public policy. All rules of construction are designed to ascertain and give effect to the intention of the testator.'' *Driver* v. *Driver,* 187 Ark. 875, 63 S. W. 2d 274.

The intention of the testator was to give his property to his wife with power to sell jointly with the other executor, and that portion not sold was to go to his children. That this was his intention as gathered from the whole will, there seems to be no doubt.

The decree of the chancellor is affirmed.