STAYTON *v.* STAYTON.

4-5610                                    132 S. W. 2d 830

Opinion delivered October 30, 1939.

*Kaneaster Hodges,* for appellant.

*Roy D. Campbell,* for appellee.

MEHAFFY, J.   This action was begun in the Jackson chancery court by Charles G. Henry making Miss Mabel K. Stayton and Mrs. Lotta C. Stayton defendants, depositing in the court the sum of $64.64 representing rentals collected from part of lot 1, block 7 of the original town of Newport, Arkansas, and asking the court to determine the amount to which each of the respective defendants was entitled.

It was alleged that on March 23, 1917, the Arkansas Power & Light Company conveyed to Charles G. Henry and Joseph M. Stayton, their heirs and assigns, certain

described property in Newport, Arkansas. Joseph M. Stayton died testate in 1923, and his last will and testament was duly probated. The will provided: ''After the payment of my debts, such personalty as remains is bequeathed to my mother, if she survives, if not to my brother.

''The income from my real estate is devised to my mother, Mabel K. Stayton and brother, upon the death of either, the survivor or survivors share equally therein, and the fee vests in my brother, he to hold one-half thereof as trustee for Mabel K. Stayton for life. If she dies without issue then the whole to vest in my brother absolutely with full power in my brother to sell all or any part thereof and hold or reinvest the same in his discretion.

''This is my last will and testament this first day of January, 1916.''

Sallie J. Stayton was the mother of Joseph M. Stayton and John W. Stayton. She died in May, 1929. John W. Stayton, brother of Joseph M. Stayton, died testate in September, 1935.

Mabel K. Stayton was a cousin of Joseph M. Stayton and John W. Stayton. Since the death of John W. Stayton, Charles G. Henry collected the rentals from the property above described, paying therefrom taxes and costs of maintenance, and paid Mrs. Lotta C. Stayton three-eighths of the net income for 1935 and one-eighth to Miss Mabel K. Stayton. The same distribution of rentals was made in 1936.

The plaintiff alleged that he had in his hands $64.64 representing the net rentals for the year 1937; that the defendant, Miss Mabel K. Stayton, demanded the entire sum be paid to her, and Mrs. Lotta C. Stayton demands one-half of the sum be paid to her. The interest of both defendants in the property in question is derived from the will of Joseph M. Stayton. He alleges that to take the responsibility himself of construing the will would place him in a hazardous position, and asked to be allowed to pay the rentals mentioned into court, and be discharged of all liability to the defendants; that the

1180

court construe, interpret and declare the meaning of the will of Joseph M. Stayton and distribute the fund deposited in court to the defendants as it is determined they are entitled.

Lotta C. Stayton filed a separate answer and cross-complaint stating that she was the widow of John W. Stayton and that she was the 'evisee of her husband's real estate; that John W. Stayton and Joseph M. Stayton each owned an undivided one-fourth in part of lot 1, block 7, Newport; that John W. Stayton and Joseph M. Stayton each owned an undivided one-fourth interest in lot 2, block 7, of the original town of Newport; that at the time of the purchase of lot 1, block 7, Joseph M. Stayton and John W. Stayton were law partners and partners in all business matters; that the consideration to the Arkansas Power & Light Company for the conveyance of part of lot 1, block 7, was legal services rendered by the firm of Stayton & Stayton; that Joseph M. Stayton was named grantee by inadvertence and oversight; that Joseph M. Stayton held title to an undivided one-half of one-half as trustee for John W. Stayton; that the debt assumed by grantees in the conveyance of said property was paid one-half by Charles G. Henry and one-half by the firm of Stayton & Stayton; that Charles G. Henry collected rentals from said property and distributed one-fourth to Joseph M. Stayton and one-fourth to John W. Stayton; that lot 2 of block 7 was purchased by A. H. Lanyon in 1919 and was conveyed one-half to C. G. Henry, one-fourth to Joseph M. Stayton, and one-fourth to John W. Stayton; that during his life Joseph M. Stayton held title to an undivided one-fourth interest in part of lot 1, block 7, as trustee for John W. Stayton. She asked that the one-fourth part of lot 1, block 7, be declared to be the property of John W. Stayton at the time of his death, and that she be declared to have succeeded to his interests. At the time of his death John W. Stayton was the owner of an undivided one-fourth interest in lot 2 and part of lot 1, block 7; that under the will of Joseph M. Stayton, John W. Stayton owned in fee an undivided three-eighths interest in lot 2 of block 7,

and part of lot 1, block 7, and owned in fee the remaining one-eighth interest, subject to a life estate of Mabel K. Stayton; that Mabel K. Stayton should receive one-half of the income of the estate of Joseph M. Stayton, and that John W. Stayton should receive the fee in the entire estate, subject to the payment of one-half of the income to Mabel K. Stayton during her life; that Mabel K. Stayton is now past 60 years of age, is unmarried and will necessarily die without issue, in which event the whole estate of Joseph M. Stayton will vest in John W. Stayton and his assigns. This answer is also a cross-complaint as to an undivided one-fourth interest in part of lot 1, block 7, which it is alleged Joseph M. Stayton held as trustee for John W. Stayton. Lotta C. Stayton prays that the three-fourths of the fund in court be paid to her and one-fourth to Mabel K. Stayton; that Lotta C. Stayton be decreed entitled to an undivided one-half interest to the property in fee of Joseph M. Stayton and that Mabel K. Stayton be decreed entitled to the rents from an undivided one-half interest for her life, and that upon her death the fee to this undivided one-half interest vest in Lotta C. Stayton.

Mabel K. Stayton filed a demurrer to the cross-complaint of Lotta C. Stayton, stating that it did not state a cause of action as it sought to enforce a verbal agreement within the statute of frauds; that the cause is barred by the statute of limitations, and that Lotta C. Stayton and her predecessors in interest are barred by laches.

The court reserved a ruling on the demurrer until the whole case was submitted. Mabel K. Stayton then filed answer and cross-complaint. She admits the allegations of the complaint of Charles G. Henry and enters a general denial to the cross-complaint of Lotta C. Stayton. She pleads the statute of frauds, statute of limitations, and laches, as a defense to the cross-complaint of Lotta C. Stayton. She alleges that the will of Joseph M. Stayton created a right of survivorship in favor of a designated class as to the income of all his real property, and that as a survivor of this class she is entitled to all the income from all the real property of which Joseph M.

Stayton died seized and possessed, and prays for a decree giving her the entire fund deposited in court.

Lotta C. Stayton filed a response to the demurrer and cross-complaint of Mabel K. Stayton and alleged that her cross-complaint did not violate the statute of frauds as it sought to enforce a resulting trust, and was not barred by the statute of limitations because John W. Stayton had always been recognized as owning an undivided one-fourth interest of part of lot 1, block 7; that with C. G. Henry and Joseph M. Stayton as joint tenants, John W. Stayton had been in possession of part of lot 1, block 7, for more than seven years prior to his death. She asked that the fee of an undivided one-fourth interest of part of lot 1, block 7, be vested in her.

On December 3, 1938, the parties filed a stipulation as to the facts, all of which was considered as evidence, and with it filed numerous exhibits. It was agreed John W. Stayton, Sr., the father of Joseph M. and John W., Jr., was at his death the owner of the south one-half of lot 4 and all of lot 5 in block 2; that John W. Stayton, Sr., died intestate and his heirs were Sallie J. Stayton, widow, Joseph M. Stayton and John W. Stayton, Jr., sons, and Mattie S. Waterman, daughter; that Mattie S. Waterman died before any of the other heirs, and her mother succeeded to all of her interest of her father's property by will and deed; that Joseph M. Stayton died in 1923 and left a will which was duly probated, and is set out above. Sallie J. Stayton died testate in 1929. Her will provided: "I devise to my niece, Mabel K. Stayton, lots 11 and 12 of block 2 of Hirsch's Second Addition to the original town of Newport, Arkansas, and the improvements thereon situate. To have and to hold same unto her for the term of her natural life with remainder therein unto my son, John W. Stayton, and unto his heirs and assigns in fee simple forever.

"I devise unto my niece, Mabel K. Stayton, an undivided one-half interest in my real estate other than said lots 11 and 12 of block 2 of Hirsch's Second Addition to the original town of Newport, Arkansas. To have and to hold the same unto her for the term of her natural life,

with remainder therein unto my son, John W. Stayton, and unto his heirs and assigns in fee simple forever.

"I devise unto my son, John W. Stayton, the remaining one-half of my real estate ,other than said lots 11 and 12 of block 2 of Hirsch's Second Addition to the original town of Newport, Arkansas. To have and to hold the same unto him and his heirs and assigns in fee simple forever."

The stipulation further stated that John W. Stayton died testate in 1935 and that his will provided: "All of the remainder of my estate, both real and personal I devise and bequeath to my beloved wife, Lotta. To have and to hold the same unto her in fee simple forever."

The stipulation continued: "That in 1923 Joseph M. Stayton and John W. Stayton were the owners in fee as joint tenants of the Stayton Building, being 20 feet off the south side of lot 10 and six feet off the north side of lot 9 in block 22 of the original town of Newport, Arkansas, each owning an undivided one-half interest; that at her death in 1929 Sallie J. Stayton owned in fee lots 11 and 12 of block 2 of Hirsch's Second Addition to Newport, Arkansas; that it is, agreed this cause shall determine their respective rights in part of lot 1 of block 7, south one-half of lot 4 and all of lot 5 of block 2, the Stayton Building being 20 feet off south side lot 10 and six feet off north side of lot 9, block 22, all in the original town of Newport, Arkansas; and lots 11 and 12 of block 2 of Hirsch's Second Addition to Newport, Arkansas; and also wild and uncultivated lands in Sharp and Lawrence counties as the title may appear on the records of deed in those counties."

The stipulation is copied, not from the transcript, but from the abstract of attorneys. It is substantially correct, and contains all the statements of fact necessary to a consideration of the case.

There was attached to the stipulation the documents introduced, including the wills and deeds.

The depositions of Charles G. Henry and Lotta C. Stayton were taken and introduced in evidence; also the depositions of Mabel K. Stayton and E. G. Wallace.

The chancellor entered a decree sustaining the contentions of Lotta C. Stayton, and holding that under the will of Joseph M. Stayton, the income of his estate was devised jointly to Sallie J. Stayton, Mabel K. Stayton and John W. Stayton. The court also held that when Sallie J. Stayton died, Mabel K. Stayton and John W. Stayton shared equally in the income of her estate, and that the fee was vested in John W. Stayton as to all real estate, subject to the life estate in one-half interest to Mabel K. Stayton, and that said property under the will of John W. Stayton, and subject to a one-half interest of Mabel K. Stayton for her life, was vested in Lotta C. Stayton. The court held that Mabel K. Stayton should receive the income from one-half of the real estate of Joseph M. Stayton during her life, and nothing more. The court also found that, by reason of a resulting trust, John W. Stayton was the owner of one-fourth interest of part of lot 1, block 7, described above, and that this property became vested in Lotta C. Stayton under the will of John W. Stayton. He also decreed that the rents from lot 1, block 7, should go one-half to Charles G. Henry, and that Lotta C. Stayton is entitled to three-eighths of the same and Mabel K. Stayton entitled to one-eighth; that of the rents in the hands of C. G. Henry, Lotta C. Stayton shall receive three-fourths and Mabel K. Stayton one-fourth; that Lotta C. Stayton inherited all of the real estate owned by John W. Stayton.

It is unnecessary to set out the decree in full, but as we have already said, the contentions of Lotta C. Stayton were sustained by the court. Miss Mabel Stayton excepted to the decree and prayed and was allowed an appeal to the Supreme Court. The case is, therefore, here on appeal.

Both parties agree that there are but two questions for the decision of this court; the first to be the construction placed on the will of Joseph M. Stayton, and the second is whether a resulting trust in an undivided one-fourth of lot 1, block 7, arose in favor of John W. Stayton.

It is first contended by the appellant that the court erred in refusing to construe the will of Joseph M. Stay-

ton as devising the income of his real property to Sallie J. Stayton, Mabel K. Stayton and John W. Stayton, their survivor or survivors.

Counsel on each side have cited a great many authorities, and it would be impossible to review them all in this opinion.

"The cardinal rule of testamentary construction is to ascertain the intent of the testator and give effect to it, unless the testator attempts to accomplish a purpose, or make a disposition contrary to some rule of law or public policy. All rules of construction are designed to ascertain and give effect to the intention of the testator." *Jackson* v. *Robinson,* 195 Ark. 431, 112 S. W. 2d 417.

Many other decisions of this court could be cited to the same effect. We have also many times held that in construing a will, the whole will must be considered in order to ascertain the intention of the testator.

"The intention of a testator is to be collected from the whole will, and from a consideration of all of the provisions of the instrument, taken together, rather than from any particular form of words. The intention is not to be gathered from detached portions alone, and the court should not consider merely the particular clause of the will which is in dispute. The language employed in a single sentence is not to control as against the evident purpose and intent as shown by the whole will. In other words a will is not to be construed *per parcella,* but by the entirety. As sometimes expressed, the intent is to be ascertained from a full view of everything within the 'four corners of the instrument.' If the whole will clearly indicates what was the testator's intention, the rules of law which aid in the construction of wills need not be invoked." 28 R. C. L. 175, *et seq.*

The will of Joseph M. Stayton has been set out above, and we think it is clear, when the whole will is considered, that the fee vested in John W. Stayton and that he was to hold one-half thereof as trustee for Mabel K. Stayton for her life. When the entire will is considered, we think there can be no doubt about the inten-

tion of the testator. The will expressly states that the fee vests in the brother, and that he is to hold one-half thereof as trustee for Mabel K. Stayton for life. It seems clear that his intention was not to give Mabel K. Stayton all of the income for her life, but only half of it. The provisions of wills must be read together and if there is any conflict, the last provision is controlling.

It is next contended by the appellant that the court erred in decreeing that Joseph M. Stayton held title to an undivided one-fourth interest in lot 1 as trustee for John W. Stayton. We think the facts show conclusively that when the property was purchased, a trust resulted. The evidence shows that the property was regarded by Henry and the two Stayton brothers as being owned jointly. Joseph M. Stayton and John W. Stayton were partners, the evidence shows, not only in the practice of law, but in all their dealings, and after this property was purchased, it was treated by all three as belonging to Henry and the two Staytons. The evidence shows that everything in which the Staytons dealt was treated as partnership business, and we think the evidence in this case shows that the property was purchased and a consideration paid by both Staytons, and that the title was inadvertently taken in the name of Joseph M. Stayton, and that he held one-fourth interest in it as trustee for his brother, John W. Stayton. We think the lower court was correct in holding that there was a resulting trust.

We find no error, and the decree is affirmed.