*Elton A. Rieves, Jr.,* for appellant.

*Armstrong, McCadden, Allen, Braden & Goodman* and *T. A. McEachern, Jr., Cecil B. Nance,* for appellee.

McHANEY, J. Appellant is the daughter and one of the heirs at law of Charlie Margerum, deceased, who died testate November 7, 1939. Appellees, Johnnie B. Lynn, Bessie Jones and Roger Margerum, are grandchildren of the deceased and appellee, Pierre Swepston, is the executor of the estate of said deceased.

In his will the testator, after having directed the payment of his debts, provided in article second as follows: "I give Sallie Beason, wife of Starling Beason, Eddie Margerum and Lewis Margerum each the sum of one ($1) dollar, I having already given them as much as I desire them to have." He then made several separate devises of real property to his children, grandchildren (children of deceased children) and to his widow in separate paragraphs of article second.

Article third forms the basis of this lawsuit and is as follows: "All property, real, personal or mixed, not otherwise disposed of, I place in trust with my executor to sell at public or private sale immediately and, after paying any debts or legacies, to divide the proceeds into

four equal shares among the children of my deceased sons, John and Jim Margerum; I do not want the same sacrificed, however, on account of a general depression of values.'' This will was dated December 3, 1930.

There is no dispute in the facts. John and Jim Margerum predeceased their father. John had three children who survived him and the testator, and they are appellees here. Jim had one child who survived him, Jeannette Margerum, but who predeceased the testator, and the bequest as to her in article third lapsed. The question presented to the trial court and now to this court is, Does the devise or bequest in article third of the will constitute a devise or bequest to a class, and, as a general residuary clause, does it dispose of the lapsed interest in the residuum estate?

Appellant brought this action to recover an undivided one-eighth of one-fourth of the residuum estate of said testator. Appellees denied her right to recover any part thereof. Trial resulted in a finding that the bequests to the children of testator's deceased sons, John and Jim, should vest in the survivors among said grandchildren and that they should take as a class and not individually, and that upon the death of Jeanette prior to that of the testator, the portion she would have received vested in the children of John. A decree was entered dismissing the complaint for want of equity and this appeal followed.

We agree with the trial court in so holding. As said by this court in *Jackson* v. *Robinson,* 195 Ark. 431, 112 S. W. 2d 417, ''All our cases are to the effect that the object in construing wills is to ascertain the intention of the testator. This must be done from the language used as it appears from a consideration of the entire instrument, and when such intention is ascertained it must prevail, if not contrary to some rule of law, the court placing itself as near as may be in the position of the testator when making the will.'' See, also, *Booe* v. *Vinson,* 104 Ark. 439, 149 S. W. 524; *Webb* v. *Webb,* 111 Ark. 54, 163 S. W. 1167. Many other cases might be cited to the same effect.

There is another well established rule in Arkansas, that "there is always a presumption against partial intestacy, unless such intention clearly appears from the language used in the instrument." *Badgett* v. *Badgett,* 115 Ark. 9, 170 S. W. 484; *Lockhart* v. *Lyons,* 174 Ark. 703, 297 S. W. 1018. In the latter case it was said: "A testator is presumed to intend to dispose of his entire estate, and, it must be borne in mind, in the construction of wills, that they are to be so interpreted as to avoid partial intestacy, unless the language compels a different construction."

In the instant case the testator made provision for each of his children and children of deceased children. As to three of his children he made it clear in article second, above quoted, that he had previously given each of them all he wanted them to have. As to his other children and grandchildren he made certain specific bequests. When we consider the language of the whole instrument, we are forced to the conclusion that the intention of the testator was that his other heirs were given the full amount of his estate that he wanted them to have, as set forth in his will. If the contention of appellant be sustained, the net result would be in contravention of the two rules of law just announced, in that a portion of the residuum would go to the three excluded from further participation in his estate as well as to the other heirs to whom he had given in the will such portion of his estate as he wished them to have, contrary to his intention, and, as to the portion Jeannette would have received, he died intestate. In *Gibbons* v. *Ward,* 115 Ark. 184, 171 S. W. 90, it was said: "By the terms of the will he had already by specific devises, and by the general devise in the residuary clause to certain of them, made provision for all of his relatives whom he expected to share in the distribution of his estate or to succeed to any part thereof, and this evident purpose of the testator cannot be defeated by any rules of construction, which are only effective to arrive at the true intent of the maker of the will."

In article third, he placed the residuum in trust with his executor, directed him to sell same, and "to divide

the proceeds into four equal shares among the children of my deceased sons, John and Jim Margerum.'' At the time of the writing of the will there were four members of the class, three children of John and one of Jim, and he knew no more could be added to the class. He assumed they would all survive him and he wanted each to share equally in the residuum of his estate. One of the class died long before the death of the testator, but he never changed his will. Of course the bequest as to the one who died lapsed, and it would seem reasonable had he desired the lapsed provision to go to his other heirs, he would have made a codicil to this effect, or he would have so provided in the original will. The naming of the number of shares into which the residuum should be divided, while persuasive in support of appellant's contention is not conclusive. As above stated, the language of the whole will must be considered in determining what the intention of the testator was, and, when so considered, we think it conclusive that his intention was that the residuum should go to the children of John and Jim or to the survivors of them, and that they took as a class and not as individuals. Several cases are cited by learned counsel for appellant to sustain his position, but we think they are not controlling because of different factual situations.

The decree is accordingly affirmed.

Opinion delivered November 11, 1940.