WALKER *v.* CASE, EXECUTOR.

4-8230                                    204 S. W. 2d 543

Opinion delivered October 6, 1947.

*Oscar E. Ellis,* for appellant.

*Northcutt & Northcutt,* for appellee.

MINOR W. MILLWEE, Justice. Appellants are six grandchildren of W. S. Rand, deceased, and brought this action in the Fulton Probate Court against appellee, A. C. Case, executor of the W. S. Rand estate, seeking to establish their status as pretermitted children under the will of their grandfather.

W. S. Rand was a resident of Fulton county and the father of six children. A daughter, Bertha Rand, was twice married and died in 1934 survived by six children who are the appellants here. In November, 1945, W. S. Rand executed his last will and subsequently died being survived by three sons, two daughters and the appellants, as his only heirs at law.

After providing for the appointment of appellee as executor, the will contains the following bequest: "After the payment of all such debts, if any, and my funeral expenses, I give to my five grandchildren, who are children of my daughter Bert Rand Finley, deceased, the sum of $50 (fifty dollars) each; and to my daughter Tracey Rand Dillinger the sum of $100 (one hundred dollars). Such sums to be paid in cash." The testator then bequeathed his household goods to two daughters and a daughter-in-law, and further directed that his farm, livestock and farm tools be sold and the sale proceeds, together with cash in a bank, distributed among

his three sons, a daughter and a grandson, who were named in the will.

Appellants alleged in their petition that they were not mentioned in the will of their grandfather as required by law, and were, therefore, entitled to that portion of his estate which their mother would have taken had she survived the testator and he died intestate.

The executor filed a response denying the allegations of the petition and alleging that it was the testator's intention to bequeath $50 to each of the children of his deceased daughter; that the testator had not seen his grandchildren and did not know their total number, but was under the impression that there were only five at the time he made his will; and that the misstatement of the number of his grandchildren was an unintentional omission.

In support of the allegations of the response, appellee offered in evidence a part of the deposition of the scrivener who drafted the will. This deposition was taken in another suit to void the entire will, and that proceeding involved several parties who are not parties to the instant suit. The trial court sustained appellants' objection to this evidence, which appellee contends was admissible under the decision of this court in *Gulley* v. *Bache,* 98 Ark. 583, 136 S. W. 667. In that case the court held (headnote 2) : ''In order that a deposition taken in one suit may be admissible in another suit, it must appear that the latter suit is between the same parties and regarding the same issues.'' Since the instant suit is not between the same parties and regarding the same issues, as the suit in which the deposition was taken, there was no error in the exclusion of this testimony.

The trial court, in construing the will, held the bequest, ''to my five grandchildren, who are children of my daughter Bert Rand Finley, deceased,'' to be a gift to the grandchildren as a class, and that it was the intention of the testator to bequeath $50 to each of the appellants. Judgment was rendered accordingly.

For reversal of the judgment appellants earnestly contend that, since only five grandchildren are mentioned in the bequest, it is impossible to identify the one meant to be excluded and the will is thereby rendered inoperative as to all the appellants under § 14525, Pope's Digest. This statute provides: "When any person shall make his last will and testament, and omit to mention the name of a child, if living, or the legal representatives of such child born and living at the time of the execution of such will, every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such proportion, share and dividend of the estate, real and personal, of the testator as if he had died intestate; and such child shall be entitled to recover from the devisees and legatees in proportion to the amount of their respective shares, and the court exercising probate jurisdiction shall have power to decree a distribution of such estate according to the provisions of this and the preceding sections."

In construing this statute in *Brown* v. *Nelms*, 86 Ark. 368, 112 S. W. 373, this court held that a will in which the testator provides for his children as a class, without expressly naming them, is a sufficient mention of his children within the statute. The court, speaking through Justice McCullough, said: "We think it is manifest that what was intended by the statute was to declare intestacy as to children of a testator, and thus provide compulsory provisions for them, unless the testator expresses a contrary intention in the will toward the children. Such an intention may be expressed by the testator in his will by providing for them as a class without naming them separately, or by naming them without providing for them. Either method is equivalent to the other, and either the one or the other clearly excludes any intention on the part of the testator to omit his children from the testament. It would, we think, be disregarding entirely the purpose of the statute, and would be putting form over substance, to say that the names of children must be individually mentioned in a will which provides substantially for each and all of them."

In *LeFlore* v. *Handlin,* 153 Ark. 421, 240 S. W. 712, the testatrix bequeathed, "Unto my son Louis LeFlore, of Stigler, Oklahoma, and to his children living at the time of my death, the sum of $100 each," and it was held that the bequest sufficiently designated the grandchildren of the testatrix and that the statute did not apply. The same rule was held applicable where the members of the class referred to were grandchildren in *King* v. *Byrne,* 92 Ark. 88, 122 S. W. 96. It was also held in *Powell* v. *Hayes,* 176 Ark. 660, 3 S. W. 2d 974, that a reference by a testator in his will to his "heirs" constituted a mention of his children who were his only heirs at law. See, also, *Taylor* v. *Cammack,* 209 Ark. 983, 193 S. W. 2d 323.

One of the leading American cases involving the question of class gifts is *Thomas* v. *Thomas,* 149 Mo. 426, 51 S. W. 111, 73 Am. St. Rep. 405, where a devise to "the six children of my son" was held to be a gift to the grandchildren as a class. In decisions from other jurisdictions the rule seems to be well established that where a testator misstates the number of legatees or devisees, who are entitled to take as a class under a particular bequest or devise, the estate devised will pass to the actual number falling within the class. In *McMasters* v. *Shellito,* 14 Pa. S. Ct. 303, where a testator overstated the number of those entitled to take as a class under a particular devise, it was held that the estate would pass to the smaller number who fell within the class. The court said: "Where a testator devises to the sons or daughters of a person named, and incorrectly speaks of them as being of a particular number, the number mentioned will be disregarded and all who fall within the class, whatever their actual number, will take under the devise: *Berkeley* v. *Palling,* 1 Russell, 496, and see note; *Thompson* v. *Young,* 25 Md. 450; *Lawton* v. *Hunt,* 4 Strobhart's Eq. (S. C.) 1; *Shepard* v. *Wright,* 5 Jones' Eq. (N. C.) 20."

In *Lockhart* v. *Lyons,* 174 Ark. 703, 297 S. W. 1018, this court said: "The true rule in the construction of wills, which can be said to be paramount, is to ascertain or arrive at the intention of the testator from the language used, giving consideration, force and meaning to

each clause in the entire instrument.'' When the entire will is considered we think the testator expressed his intention to include all of the appellants in the bequest to ''my five grandchildren, who are children of my daughter, Bert Rand Finley, deceased'' by providing for them as a class. We find nothing in the other provisions of the will to indicate that he intended to omit any of the children of his deceased daughter from the class named. The reasonable conclusion is that he merely misstated the number of the class and, under the aforementioned rule, the number ''five'' should be disregarded and all who fall within the class will take under the bequest. The testator did not, therefore, omit to mention appellants within the meaning of § 14525 of Pope's Digest, *supra*.

It follows that the trial court correctly construed the will, and the judgment is affirmed.