RAND *v.* THWEATT, ADMINISTRATOR.

5-184                                                    261 S. W. 2d 778

Opinion delivered November 2, 1953.

Rehearing denied November 30, 1953.

*McMillen & Teague,* for appellant.

*Rose, Meek, House, Barron & Nash,* for appellee.

MINOR W. MILLWEE, Justice. The facts in this case are stipulated. Rosa L. Rand De Mers was the widow of J. C. Rand and had been married to A. N. De Mers for several years in May, 1946, when she executed her will. She became incompetent in December, 1946, and died January 29, 1953, leaving an estate valued at $278,000.

In the first paragraph of the preamble to her will, testatrix relates how the estate had been acquired by the hard work and frugality of her first husband and her own labor and sacrifice after his death. In the second paragraph, testatrix gave her reasons for the small bequest to her second husband, A. N. De Mers. The third paragraph describes the nature and location of her properties. The fourth paragraph of the preamble reads: "I have a sister, Mrs. Frank Oliver, now residing in Memphis, Tennessee, with her daughter, Anna Oliver Taylor, residing also in Memphis; the six children of my deceased brother, John Sherrod; the two brothers of my deceased husband, J. C. Rand; and my husband, A. N. De Mers; and also a true, tried, and trusted friend named herein below, and it is among these that I do devise and bequeath my properties in the respective portions unto each as herein named below".

After directing the payment of funeral expenses and debts, and specific bequests of $10 to A. N. De Mers and $5,000 to the friend, Mrs. Minnie Halliburton, the will provides: "All the rest and residue of my personalty and realty, wherever situated and located, I do hereby give, devise and bequeath the same unto the following persons in the respective proportions, to-wit:

"To my sister, Mrs. Frank Oliver, now residing in Memphis, Tennessee, and her daughter, Anna Oliver Taylor, also of Memphis, Tennessee, an undivided one-fourth interest in and to same.

"To the six children of my beloved deceased brother, John Sherrod, said children with their names and addresses as follows:

1. Hazel Sherrod Adams, 201 South Maple Street.

2. Maude Sherrod Brown.

3. Grace Sherrod Hopper, Helena, Arkansas.

4. Frank Sherrod, Detroit, Michigan.

5. George Sherrod.

6. Rose Sherrod Seaton, Detroit, Michigan, Five thousand ($5,000.00) Each;

*"Unto the two brothers of my beloved first husband, J. C. Rand, Charles Rand, residing in the State of Massachusetts, and Henry Rand of Portsmouth, New Hampshire, an undivided one-fourth interest in and to said property as above, same to be divided among them in the proportions as above set out.* (Italics supplied.)

"If, after the above bequests are paid, there remains any rest and residue of my estate, then the net proceeds of the remainder shall be divided with each of the beneficiaries heretofore named above, except A. N. De Mers, share and share alike."

Henry Rand predeceased the testatrix. Interested parties filed petitions to construe the will to determine whether a class gift or a gift to them as individuals was made to Henry Rand and Charles Rand, under the above devise and bequest to them. The trial court found that a gift to individuals was intended, that the one-eighth interest devised and bequeathed to Henry Rand therefore lapsed and should become a part of the residue to be distributed to the other beneficiaries designated in the will, except A. N. De Mers.

A review of the cases demonstrates that courts are somewhat hesitant to lay down any hard and fast rule for determining whether a gift is to a legatee individually or as a member of a class. Appellant relies strongly on the rule stated in 57 Am. Jur., Wills, § 1259, as follows: "The only universal rule for determining whether testamentary gifts to several persons are gifts to them as a class rather than as individuals is to ascertain the intention of the testator, which it is everywhere conceded, is controlling. The decisive inquiry is whether or not the testator, in making the particular gift in question, did so with 'groupmindedness,' whether, in other words, he was looking to the body of persons in question as a whole or unit rather than to the individual members of the group as individuals; if the former, they take as a class. Any additional circumstances which may be seized upon, such as the general scheme of the will, the manner and form in which the beneficiaries are designated, the particular language used, or the relationship of the parties and the cir-

cumstances surrounding the testator, are to be regarded merely as aids in ascertaining the testatorial intention.''

There is another settled general rule that is equally applicable to the case at bar, to the effect that where a bequest or devise is made to beneficiaries designated by name, they take as individuals rather than as a class, in the absence of a contrary intention appearing elsewhere from the will, or the surrounding circumstances. The rule is stated in Page on Wills, § 1049, as follows: ''If the gift is made to beneficiaries by name, the gift is, *prima facie,* not one to a class, even if the individuals who are named possess some quality or characteristic in common.

''Where there is a gift to a number of persons who are indicated by name, and who are also further described by reference to the class to which they belong, the gift is held *prima facie* to be a distributive gift and not a gift to a class.

''The context, however, may show, that the names of the beneficiaries were added to the description of them as members of a class for the purpose of greater certainty, and that the paramount intention of testator was to make the gift to a class. In such case the gift will be treated as one to a class even if the names of the beneficiaries are given in the will. . . .

''If the will gives the number of the members of the class, this is *prima facie* a gift to them individually; the class being given merely by way of identification or description.

''If the names of the members of the class as well as the number of the members are given, the inference is quite strong that the gift is to individuals, and not to a class.'' See also, 57 Am. Jur., Wills, § 1261; annotations: 75 A. L. R. 773, 105 A. L. R. 1394.

In attempting to ascertain the intent of the testatrix in the case at bar, we have only the will itself, unaided by any extrinsic evidence or circumstances. In the devise and bequest under consideration it should be noted that the

testatrix not only named the beneficiaries but also gave their number, address, and relationship. There can be no doubt that under the authorities generally a strong *prima facie* case is thus made in favor of a gift to individuals distributively and against a gift to a class. The difficult and controlling issue is whether that presumption is overcome by the language, form, or general scheme of the will as reflected by the context of the will as a whole. Appellant points to the fourth paragraph of the preamble to the will where the testatrix lists her beneficiaries and insists that "groupmindedness" is definitely established by the form, punctuation and groupings of the beneficiaries, together with the general context of the will. In answer appellees point to the fact that such grouping of relatives is only natural and logical and that an intent to make a class gift could easily have been indicated by words of survivorship as between Henry and Charles Rand, or the other beneficiaries, if such gift had been intended.

In most of the cases where wills have been construed to have created a class gift, the devise or bequest has been to "children", "brothers", "heirs", or to some other group of persons without specifically naming the beneficiaries. See *Martin* v. *Gray,* 209 Ark. 841, 193 S. W. 2d 485. In those cases where a class gift was held to have been created despite the fact that the beneficiaries were named, there are presented important factors either in the language of the will itself or the surrounding circumstances sufficient to repel and outweigh the inference arising from the naming of the beneficiaries. We agree with the trial court that the context of the will under consideration does not present sufficient indication of a class gift to overcome the *prima facie* presumption of a gift to Henry Rand and Charles Rand as individuals. The judgment is accordingly affirmed.

GEORGE ROSE SMITH, Justice, not participating.

PAUL WARD, Justice, dissenting. I am unable to agree with the majority opinion in this case for the reasons hereinafter set out. The general and universally

accepted rule governing the construction of wills is to ascertain the intention of the testator, and this is the rule in this state. From *Morris* v. *Lynn*, 201 Ark. 310, at page 311, 144 S. W. 2d 472, we quote the following:

"As said by this court in *Jackson* v. *Robinson*, 195 Ark. 431, 112 S. W. 2d 417, 'All our cases are to the effect that the object in construing wills is to ascertain the intention of the testator. This must be done from the language used as it appears from the consideration of the entire instrument, and when such intention is ascertained it must prevail, if not contrary to some rule of law, the court placing itself as near as may be in the position of the testator when making the will.' "

All other rules, such as those discussed in the majority opinion, are to be used merely as aides to ascertain the intention of the testator. The only exception that comes to my mind would be where some established rule of law or property would prevent giving effect to the intention of the testator, and certainly this is not the situation here.

It is true that in this case there is no extrensic evidence to throw any light one way or the other on the intention of the testatrix but that is not essential because, as appears in the above citation, the intent must be gathered from the contents of the will itself. A careful consideration of the contents of the will under consideration convinces me that the testatrix intended to give an undivided one-fourth interest to the two brothers, Charles and Henry Rand and not to give an undivided one-eighth interest to each of them as the majority opinion holds. Listed below are some of the things gathered from the will which we think show this intent.

(a) The will shows a definite logical grouping of the beneficiaries which indicates the testatrix was thinking in groups and so intended to divide her property. One group is her sister and her sister's daughter; another group is the six children of her brother; and

another is the two brothers of her first husband—the group with which we are concerned.

(b)  The matter of relationship to the testatrix is something that should be taken into consideration. See 57 Am. Jur. Sec. 1266. It is clear from a casual reading of the will that the testatrix thought a great deal of her first husband, giving him credit for accumulating most of her estate. It appears only natural therefore that she would desire a sizeable portion of her estate to go to his heirs.

(c)  If the testatrix had wanted each of the two brothers to receive only a one-eighth interest it would have been very easy to say so. So it seems significant that she chose to give an undivided one-fourth interest to Charles Rand and Henry Rand. To my mind it is farfetched and unreasonable to say that the testatrix gave any consideration whatever to Ark. Stats. § 50-411 which gives effect, under ordinary circumstances, to such a devise.

The fact that the two brothers were mentioned by name does not necessarily preclude a class designation. It is so recognized in Page on Wills in the portion copied in the majority opinion. Conceding the general rule that the giving of names and addresses is, in some instances, *prima facie* evidence against a class devise it must still be remembered that this rule is to be used only in an effort to determine the intention of the testator. Under the wording of the will under consideration I am unable to understand how any light is thrown on the intention of the testatrix simply because she gave the names and residences of the two brothers. At any rate any indication of intention from this source is minor as compared with the intention gathered from a reading of the entire will.

Justice ROBINSON joins in this dissent.