JONES *v.* JONES.

5-2492

350 S. W. 2d 673

Opinion delivered November 13, 1961.

*Harold Sharpe,* for appellant.

*Mann & McCulloch,* for appellee.

PAUL WARD, Associate Justice. This appeal comes from an order of the Probate Court of St. Francis County admitting to probate the last will and testament of Pink Jones. No testimony was introduced, the material facts being stipulated. They are set out below.

Pink Jones, at all times a resident of St. Francis County, in 1932 began living with appellee and continued to live with her as husband and wife in Arkansas until his death on April 20, 1959. They were never married, and Jones had no legally married wife at any time. The legal name of appellee was Lenora Scott, but she adopted the name of Lenora Jones when she began living with the deceased.

Pink Jones executed a will on October 6, 1952 which left all his property to "my wife, Lenora Jones". The will was filed April 29, 1959 with Proof of Will in due

form, and thereafter appellee filed a petition for probate of will and appointment of personal representative showing the surviving spouse to be "Lenora Scott Jones" widow, and the heirs to be four brothers. On May 7, 1959 the Probate Court ordered "the instrument dated 6th day of October, 1952, executed by decedent and which has been filed in this Court, be, and the same is hereby, admitted to probate as the Last Will of Henry Pink Jones, deceased". The same order appointed appellee executrix. On May 22, 1959 there was filed "Proof of Publication" showing publications on May 11 and 18, 1959 of notice of probation of the will and appointment of appellee as executrix.

On November 19, 1959 the four brothers of the deceased filed a "Petition To Set Aside Will" alleging they were heirs of Pink Jones, deceased; that Pink Jones left no children or widow; that Pink Jones and appellee were never married, and; that "there is no such person as Lenora Jones, wife of Pink Jones, Decedent". The prayer for relief was in accord with the above allegations. Appellee responded to the above, stating, among other things, that the time for filing said petition (by appellants) expired on November 11, 1959 (that is, six months after the Order of May 7, 1959), which was twelve days before the petition was actually filed. Thus, two issues are presented to this Court: *One.* Was appellants' petition filed in the time allowed by the Probate Code; and *Two.* Is the will valid?

*One.* We have concluded that appellants' petition to set aside (contest) the will was filed in due time. Section 62-2114 of Ark. Stats. provides three periods of limitations in which such petition can be filed. Sub-section b (1) clearly is not applicable here. Sub-section b (2), upon which appellee relies, is not effective against appellants because they were not given notice of the admission of the will to probate in the manner required by § 62-2111. This latter section requires that "A copy of the notice shall also be served upon each heir . . ." This was not done here, although the four brothers were mentioned as heirs in the petition to probate. Therefore

the applicable sub-section here is b (3) which gives appellants five years from May 7, 1959 in which to file their contest.

*Two.* We find no merit in appellants' contention that "The lower court erred in its finding that it was the testamentary intent of Pink Jones to leave his estate to Lenora Scott (Jones) regardless of her name." The cardinal rule, many times expressed by this Court, is that the testator's intent must, if possible, be determined from the will itself. See *Robinson* v. *Bishop and Wife,* 23 Ark. 378; *Gregory* v. *Welch,* 90 Ark. 152, 118 S. W. 404; *Cook* v. *Worthington,* 116 Ark. 328, 173 S. W. 395; *Norris* v. *Johnson,* 151 Ark. 189, 235 S. W. 804; and *Crittenden* v. *Lytle,* 221 Ark. 302, 253 S. W. 2d 361. Here, it appears to us, the will is susceptible of but one logical conclusion. That conclusion is that Pink Jones intended to leave his property to the woman he called "my wife, Lenora Jones". There is no contention or suggestion that appellee is not the woman referred to in the will. To make the identity still more conclusive the trial court had the right to consider the "stipulation as to facts" as we did in *Duensing* v. *Duensing,* 112 Ark. 362, 165 S. W. 956 and *Rand* v. *Thweatt, Adm'r.,* 222 Ark. 556, 261 S. W. 2d 778. In such stipulations we find that the deceased and "Lenora Jones" lived together since 1932, that the real name of the person who lived with the deceased was "Lenora Scott", and that Lenora Scott adopted the name of Lenora Jones, the same as appellee herein.

In this case no questions are raised as to the testamentary capacity of, or the exertion of undue influence on, the testator. This being true, the language used in *Alford* v. *Johnson,* 103 Ark. 236, 146 S. W. 516, is appropriate here. In that case the Court said:

"As long as the absolute power of testamentary disposition is conceded, a testator has the right to make a disposition of his property by will to one with whom his relations have been meretricious if it is a free and voluntary act, and of one having proper mental capacity.

In order for a will to be valid, it is not necessary that the motive which led to its execution should be virtuous, or that the object of the testator's bounty should be meritorious; it is only essential that the will should be the free and voluntary act of a mind having proper testamentary capacity."

It follows from what we have heretofore said that the Order of the Probate Court should be, and it is hereby affirmed.