Judy Ann Phillips TATE *v.* Valda GREGSON
and Shelby PHILLIPS, Co-executors

82-246                                               648 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered March 21, 1983
[Rehearing denied May 2, 1983.]

*Anthony W. Bartels* and *Val P. Price,* and *Homer E. McEwen, Jr.,* for appellant.

*Henry & Mooney,* by: *John R. Henry,* for appellees.

GEORGE ROSE SMITH, Justice. Jennie Phillips Dunlap, age 84, died in 1980. Her will, made in 1975, left her residuary estate equally to thirteen named nieces and nephews. Judy Ann Phillips Tate, a niece not named in the will, intervened in the probate proceeding to claim a one-fourteenth share of the estate. She appeals from an adverse decision holding that the testatrix intended a gift to the named individuals rather than to her nieces and nephews as a class. Our jurisdiction is specified by Rule 29 (1) (p).

Three paragraphs of the will are pertinent. After making a provision for the support of her two living brothers the testatrix went on to declare in her will:

> After the death of both my brothers, my will may be fully executed. My estate is to be divided equally among those of my nieces and nephews still living at the time of the death of the last of my surviving brother[s] . . . .
> My nieces and nephews are namely: Pearlie Wood, Ira Lewis, Frances Martin, and Lillie Surber; Ruby Baskin, Olean Box, and Wilma Hurdle; Sylvia Majstoravith and Eugene Phillips, Jr.; Myrtle Taylor, Mirl Phillips, Valda Gregon, and Shelby Phillips; making a total of thirteen (13) nieces and nephews.
> \* \* \* \* \* \*
> All the rest, residue, and remainder of my estate not heretofore disposed of, I give, devise, and bequeath in equal shares to those of my nieces and nephews still living at the time of death of my last surviving brother . . . .

The probate judge correctly ruled that the case is controlled by *Rand* v. *Thweatt,* 222 Ark. 556, 261 S.W.2d 778

(1953), where we held that in a case of this kind the decisive inquiry is whether the testatrix was looking to the body of persons as a unit or to them as individuals. We quoted several pertinent principles from Page on Wills, including these:

> If the gift is made to beneficiaries by name, the gift is, *prima facie*, not one to a class, even if the individuals who are named possess some quality or characteristic in common.
>
> * * * * * *
>
> If the names of the members of the class as well as the number of the members are given, the inference is quite strong that the gift is to individuals, and not to a class.

Here the will not only named the nieces and nephews but also stated, "making a total of thirteen (13) nieces and nephews." The inference against a class gift is therefore quite strong.

In *Rand* we observed that in attempting to ascertain the testatrix's intent we had only the will itself, unaided by extrinsic evidence or circumstances. In this case, however, we do have extrinsic circumstances. The appellant, born in 1952, was the illegitimate daughter of the testatrix's brother, Eli Phillips, then 60, and Bobbie Ray Hindman, then 21. Phillips and Ms. Hindman had lived together for about five years, but they separated about two years after the appellant's birth, with the appellant thereafter living with her mother. Eli Phillips died in 1962, thirteen years before the testatrix made her will. It is shown that the testatrix knew that the appellant was Eli's child. Even though the Supreme Court of the United States has held that the equal protection clause of the Fourteenth Amendment prohibits discrimination against illegitimate children, that clause applies only to actions by a state, not to actions by individuals. The testatrix was therefore at liberty, if she chose to do so, to exclude from her bounty an illegitimate niece who had lived with her father, the testatrix's long since deceased brother, for only about two years. Hence the *prima facie* inference against a

class gift that arises from the will itself is strikingly confirmed by the extrinsic circumstances.

The question presented by this case is not even superficially similar to that considered in *Walker* v. *Case,* 211 Ark. 1091. 204 S.W.2d 543, 173 A.L.R. 1009 (1947), relied upon by the appellant. There the testator's next of kin were his five surviving children and six grandchildren, the children of the testator's deceased daughter. The will contained bequests to the surviving children of the testator and made this reference to the grandchildren: "I give to my five grandchildren, who are children of my daughter Bert Rand Finley, deceased, the sum of $50 (fifty dollars) each." The six grandchildren made the novel argument that they were not even mentioned in the will and were therefore entitled to a sixth of the estate, as pretermitted descendants of the testator. The court cited many cases holding that, under the statute requiring that children or their descendants be mentioned in the will, it is sufficient to refer to such children or grandchildren as a class. The court reached the obvious conclusion that since the will mentioned the deceased daughter's children as a class (not by name, as here), the reference was sufficient to satisfy the statute. How that case can be thought to control this one escapes us.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I believe this was clearly a class gift and not an individual one. It may well have been that the testatrix intended to eliminate the illegitimate niece but in my opinion she failed to do so. Had she stated that the gift was to "the following named nieces and nephews," and then named them this would clearly have been an individual gift to each niece and nephew. However, she stated: "My estate is to be divided equally among those of my nieces and nephews still living . . . " The next paragraph attempted to name her nieces and nephews but this seems to have been merely an effort to assist an executor in contacting the members of the class. There may

even have been other members of the class other than appellant.

The majority opinion appears to be in direct contradiction to our holding in *Walker* v. *Case, Ex'r,* 211 Ark. 1091, 204 S.W.2d 543 (1947), wherein we held that a gift by the testatrix to "my five grandchildren, who are children of my daughter . . . " was a gift to her six grandchildren as a class. There is no distinction between the two cases that I can see. Therefore, I presume we are overruling *Walker* and several others holding to the same effect, and I cannot agree.