ZILPHA NOWAK *v.* J. E. ETCHIESON, EX'R ET AL

5-3952                                408 S. W. 2d 476

Opinion delivered October 31, 1966

[Rehearing denied December 5, 1966.]

*Gardner & Stiensiek,* for appellant.

*Marcus Evrard* and *H. G. Partlow Jr.* and *Graham Sudbury* and *Oscar Fendler,* for appellee.

Hugh M. Bland, Justice. The merits of this controversy involve the construction of the Last Will and Testament of Ida B. Crockett. The will was executed March 27, 1963, consisting of six typewritten pages, signed by Ida B. Crockett and validly witnessed. Also involved is an instrument dated January 16, 1964 entitled ''Codicil to Last Will and Testament.'' Both of these instruments were admitted to probate on September 8, 1965.

By the terms of her will, provision was made for the payment of her just debts, taxes and expenses of administration. She bequeathed certain items of personal property to various persons and gave $1.00 to each niece or nephew not mentioned in the will.

The pertinent paragraphs of the will are nine and ten. In paragraph nine she devised to J. F. Etchieson as Trustee:

''* * * 'all of the rest and residue of my real estate, wherever the same may be situated, of which I die seized and possessed,' with directions that it be sold and with further directions to 'divide the proceeds of such sale equally among the within named Ella Cunningham, Bertha Miller and Gladys

Martin.' The Trustee was to seek no further authority regarding the sale other than from the three beneficiaries of the trust who have been named herein. Merle Gaines, who was renting Testatrix' farm land at the time of the execution of the will, was given preferential right to purchase said real estate."

Paragraph ten is copied in full from the will:

"I give and bequeath to my nieces, Zilpha Nowak and Ella Lutz, as tenants in common owning equal interests with each other, all of the rest and residue of my property, if there be any such residue, that shall remain after the foregoing provisions of my will shall have been fully complied with."

The codicil to the last will and testament devised a certain savings account in the Blytheville Federal Savings and Loan Association to Ella Lutz Cunningham, dependent on survivorship with remainder over to Don Lutz.

Prior to the death of the Testatrix, a niece, Ella Lutz, who is one and the same person as Ella Cunningham, died intestate being survived by two sons, Don Lutz and Marvin Lutz. It was stipulated that all parties to this action are of full age.

Objection was filed to the admission of the codicil to probate on behalf of appellant and Mrs. Gladys Martin, both of whom are mentioned in the Last Will and Testament of Ida B. Crockett, and also seeking a construction of the will.

On October 29, 1965, the Probate Court heard the objections to the admission of the codicil to probate and the petition to construe the will, and held that the codicil dated January 16, 1964 was not executed in accordance with the laws relating to the execution of wills and testaments and ordered it stricken from the probate records. The court also held that all property devised to

Ella Lutz had lapsed and that this property, excluding that which was mentioned in the codicil, would pass and descend as though Ida B. Crockett had died intestate.

The court further held that the property described in the codicil to the last will and testament, this being the savings account in the Blytheville Federal Savings and Loan Association, would fall into the provisions of paragraph ten of the last will and testament dated March 27, 1963; that Zilpha Nowak is entitled to one-half of all property devised in paragraph ten and the remaining one-half shall be as though Ida B. Crockett died intestate.

Appellant appeals and contends that she is the residuary devisee and that one-half of all property which would have otherwise passed to Ella Lutz would pass to her as residuary beneficiary under the terms of the will.

Don Lutz, who was mentioned in the codicil, filed his notice of cross-appeal from the court's holding that the codicil is invalid.

For reversal appellant relies on two points:

"1.   The Probate Court erred in making determination that all property devised and bequeathed to Ella Lutz under the Last Will and Testament of Ida B. Crockett passes intestate.

2.   That the court should have held that all property devised and bequeathed to Ella Lutz passed into the residuary clause, paragraph 10, of the Last Will and Testament of Ida B. Crockett."

It is crystal clear that the codicil was not executed according to the provision of Ark. Stat. Ann. § 60-403 (Supp. 1965) and the chancellor was correct in denying probate and striking it from the probate record. So, the cross-appeal must be affirmed.

We also think the chancellor was correct in his construction of the will. The will must be construed so as to ascertain or arrive at the intent of the testator from the language used giving consideration, force and meaning to each item in the entire instrument. In *Lockhart* v. *Lyons*, 174 Ark. 703, 297 S. W. 1018, we said:

"The true rule in the construction of wills, which can be said to be paramount, is to ascertain or arrive at the intention of the testator from the language used, giving consideration, force, and meaning to each clause in the entire instrument. * * *

A testator is presumed to intend to dispose of his entire estate, and it must be borne in mind in the construction of wills that they are to be so interpreted as to avoid partial intestacy, unless the language compels a different construction. * * *"

When we stand far enough away and look at the entire will of testatrix, it is readily apparent how she intended to dispose of her property. After certain bequests, some of personal property and some of real estate, she chose to devise *all* of the remainder of her real estate to a trustee with unlimited power to sell and convert it to cash to be divided equally between Ella Cunningham, Bertha Miller and Gladys Martin. It was clearly her intention, in disposing of all the remainder of her real estate in this manner, to dispose of it equally to the three named devisees. These parcels of land probably had different values and in order that the devisees would share equally in the division of the proceeds of the sale, she would avoid any inequities that might otherwise arise. The bequest to Ella Cunningham, having lapsed because of her demise prior to the death of the testatrix, passes as though Ida B. Crockett died intestate.

The majority rule is stated in 36 A. L. R. 2d 1118 as follows:

"It would seem to be a not unreasonable view that,

prima facie, by a gift of all his residuary property to designated persons a testator intends that whatever assets happen to fall within the provision shall go to those persons as being the ones preferred by him in any event as against the whole world, and this whether or not he has defined or regarded them as a class or as joint tenants or possesses any knowledge or awareness of the legal concepts of class gift and joint tenancy. Nevertheless, as the later cases show, the rule which prevails in most jurisdictions, in the absence of statute or distinctly disclosed intention or justified construction of the will to the contrary, is that if the instrument disposes of residuary property or funds to two or more persons and one or some of them renounce the gift, or predecease the testator, or for any reason are or become disentitled to take, the shares affected do not inure to the other residuary beneficiaries in augmentation of their shares but on the contrary pass as in case of intestacy.''

It is true that partial intestacy should be avoided if possible. *Galloway* v. *Darby*, 105 Ark. 558, 151 S. W. 1014. But intestacy in this case is inevitable in order to carry out the intention of the testator. Item 9 of the will related to realty only. At common law the rule as to lapsed devises of real estate was that it goes to the heirs at law. I Underhill on Wills, Art. 335. It is the province of this court to construe the will and not make it over. In doing this the will must be read from all four corners and determine the intention from the entire will. Item 9 is a particular residuary clause as distinguished from Item 10 which is a general residuary clause.

Appellant argues that Ella Lutz was not a residuary legatee in Item 9 of the will but rather was named as one of three individual beneficiaries of a Testamentary Trust. The trial court held that these distributees, under the trust, were individuals and not a class. There was no appeal from that ruling. In Restatement of the Law,

Second Edition, Chapter 12, Article 411, sub-paragraph C reads as follows:

"If real property is devised upon a trust which fails and there is no provision in the will effectively disposing of the residue of the testator's real property, the devisee holds it upon a resulting trust for the heirs of the testator."

The codicil held invalid here attempted to dispose of a savings account in the Blytheville Federal Savings and Loan Association and the devise was to Ella Lutz with the remainder over to Don Lutz. The codicil having failed and this bequest having lapsed, this property would pass to the general residuary clause so that under Item 10 of the will appellant would receive one-half as a tenant in common and the other one-half would pass as though Ida B. Crockett died intestate.

Finding no error, the decree of the chancery court is affirmed on direct appeal and on cross-appeal.