Medora S. JENNINGS *v.* NATIONAL BANK
OF COMMERCE OF PINE BLUFF, Executor
of the Estate of Dorothy L. SIFFORD

CA 80-213                                          606 S.W. 2d 130

Court of Appeals of Arkansas
Opinion delivered October 15, 1980
Rehearing denied November 5, 1980

*Wright, Lindsey & Jennings*, for appellant.

*Brockman & Brockman*, for appellee.

JAMES H. PILKINTON, Judge. This case involves the construction of a will. Mrs. Dorothy Sifford of Pine Bluff, Arkansas, died on November 29, 1978. Her will, dated March 29, 1976, was admitted to probate on December 1, 1978. On June 25, 1979, appellant Medora S. Jennings filed a petition to construe paragraph X of the will, which provides:

> I give, devise, and bequeath 18 1/6 shares of common stock of the Gloster Lumber Company, of Gloster, Mississippi, and also any right, title or interest which I may have in the Lester Land Company, Inc. of Camden, Arkansas, including any real or personal property owned by the corporation in the State of Arkansas, and any and all real or personal property passing to me pursuant to the Last Will and Testament of J. Gaylord Sifford, my deceased husband, his estate having been probated in Jefferson County, Arkansas, to Medora Sifford Jennings, TO HAVE AND TO HOLD the same absolutely and in fee simple.

J. Gaylor Sifford had been a stockholder in Lester Mill Company, which was dissolved in 1932 and all of its assets were conveyed to Lester Land Company, Inc., of Camden, Arkansas. Mr. J. Gaylord Sifford received and owned 23.33 shares of stock in Lester Land Company, the successor corporation. Upon his death in 1934 this stock passed under his will to Dorothy Sifford, his wife. In 1944 the Lester Land Company was dissolved and the land owned by it was transferred to a trust for the individuals who had been the former stockholders. Mrs. Dorothy Sifford then held a 23.34/406 interest in the trust.

On October 13, 1978, Mrs. Sifford assigned all her rights, title and interest in the trust (which had succeded to the assets of the former Lester Land Company, Inc., consisting of land or an interest in land) to Mary Daniel of Camden and to Medora S. Jennings, the appellant here, for the cash consideration of $66,825. Appellant's pteition requested that

the court construe paragraph X of the will of Dorothy Sifford, deceased, to vest the ownership of the $66,825 cash proceeds in her.

This appeal is from a decision of the Jefferson County Probate Court finding that paragraph X of the will provided for a specific bequest to appellant which was adeemed by the sale by Mrs. Sifford of her trust interest on October 13, 1978.

The common stock of the Gloster Lumber Company is not involved in this appeal. The question involved on this appeal is what effect should be given to the language in paragraph X pertaining to the Lester Land Company, Inc., and more specifically the following language:

> ... including any real or personal property owned by the corporation in the State of Arkansas, and any and all interests which I may own in any and all real or personal property passing to me pursuant to the last will and testament of J. Gaylord Sifford, my deceased husband ... to Medora Sifford Jennings, TO HAVE AND TO HOLD the same absolutely and in fee simple.

The issue here is whether the aforesaid specific bequest to appellant was adeemed by the sale of the trust interest during the lifetime of the testatrix. In our opinion the issue presented is controlled and must be resolved against appellant under the principles announced in *Mee* v. *Cusineau, Executrix*, 213 Ark. 61, 209 S.W. 2d 445 (1948). In that case the Arkansas Supreme Court said:

> At § 341, 28 R.C.L. 345, appear statements of the law to the following effect. The distinctive characteristic of a specific legacy is its liability to ademption. If the identical thing bequeathed is not in existence, or has been disposed of so that it does not form a part of the testator's estate, at the time of his death, the legacy is extinguished or adeemed, and the legatee's right are gone.

The Court then set out the basis for the above rule of law:

The reason for this rule as stated in the numerous cases cited in the note to § 543, 68 C.J. 844, is that as the testator no longer owns the property specifically devised, there is no property for the devisee to take, and also that subsequent conveyance of the property by testator after having made a specific devise of it indicates conclusively a change of testimentary intent as to that property.

The above reasoning is applicable to the facts of this case because the thing bequeathed at the time the will was made was an interest in land, subject to a trust. The wording of paragraph X of the will does not include the proceeds. Mrs. Sifford did not own the land specifically devised at the time of her death. It had been sold by her for a cash consideration before her death, and she took no actions whatsoever to indicate that she intended for the cash proceeds, which represented a change in form, to go to appellant under the terms of her will. Mrs. Sifford died, of course, without having made any change in her will. She permitted the trustee bank, in handling her affairs, to invest the money without any indication from her that it was intended to go to appellant at her death. The proceeds had been commingled with other funds.

There is a thorough discussion of ademption in the case of *Pepka* v. *Branch*, 155 Ind. App. 637, 294 N.E. 2d 141 (1973),[1] and the applicable rules. Some of the Arkansas cases have not made it clear what rule was being applied, and have discussed at length *In re Estate of Brown* v. *Schaffer*, 145 Ind. App. 591, 252 N.E. 2d 142 (1969). However, it seems clear to us that the Arkansas Supreme Court, except for one case,[2] has actually applied the more modern rule involving the form and substance test, discussed in *Pepka* v. *Branch, supra*, in determining whether there has been ademption, by extinction, of a specific legacy. It is also our opinion that the "Modern Rule" is more logical, less cumbersome, and easier to apply. Be that as it may, the result reached in the case before us would be

---

[1] This case overruled *In re Estate of Brown* v. *Schaffer, supra*, in Indiana, and adopted the form and substance test.

[2] *Williamson* v. *Merritt*, 257 Ark. 489, 519 S.W. 2d 767 (1975), is the exception.

the same regardless of which test was applied. Mrs. Sifford had a very substantial interest in the trust real estate at the time she made the will, and devised her interest in this realty to the named beneficiary, the appellant here. After she sold her interest in the trust land, she owned no interest whatsoever in the property; and, therefore owned no interest or equity in the property devised at the time of her death. The wording of the will did not include the proceeds from the land, and Mrs. Sifford took no action to indicate in any way that she intended the proceeds to pass to appellant under the will. Appellant correctly points out that the proceeds, i.e., the amount of money received from the land, are readily traceable into a certificate of deposit purchased by the trustee bank. We conclude, however, that this is immaterial under the facts here because there had been a change in the form of the devise, from land to money, and Mrs. Sifford did nothing subsequently to show that she intended to pass the proceeds to the original devisee. It follows that there was an ademption as to the bequest in question, and that the probate judge was correct in so holding.

The decree of the court below is therefore affirmed.

Hays, J., dissents.

Steele Hays, Judge, dissenting. I am unable to arrive at the conclusion reached by the majority and must respectfully dissent. It is clear, as I view it, that the intention of the testatrix was that all property which had come to her under the will of her deceased husband should go to his nearest heir, the appellant. This is a natural and rather common testamentary motive of persons who, like the testatrix, have no lineal descendants.

This desire was expressed unequivocally in her will and was verbally affirmed a few weeks before her death, according to the testimony of a close friend of the testatrix, a witness who had no apparent pecuniary interest in the result.

When a clear testamentary intention is manifested, is reinforced by oral expression from the testatrix, and has the added virtue of being a natural and understandable

testamentary disposition, as opposed to an extraordinary one, why should such an intention be circumvented by the application of an arbitrary rule of law? The guiding principle of construing wills is determining the intent of the decedent and that principle is *paramount* to all other rules of construction of testamentary instruments. *McLane* v. *Chancey, Adm'r.,* 211 Ark. 280, 200 S.W. 2d 782 (1947); *Lockhart* v. *Lyons*, 174 Ark. 703, 297 S.W. 1018 (1927).

The majority has decided that an ademption occurred when the assets of the trust were sold and converted into a Certificate of Deposit, via a pre-existing savings account. But that conclusion puts form above substance and ignores the strong evidence of the testatrix's intent on the one hand and the very purpose behind the venerable rule of ademption on the other. The purpose and design of the doctrine of ademption was to resolve the dilemma of dealing with legacies that had become nonexistent or so greatly altered as to have virtually disappeared.

Admittedly, there is considerable confusion in this area of the law, but when the texts and decisions are examined it is possible to state that it is where the property has lost its identity that ademption should be applied and where it still exists in traceable form then whether the rule of ademption applies becomes a question of determining the intention of the testator. *Corpus Juris Secundum*, Vol. 95, WILLS, § 177 (2) supports such interpretation:

> While it is commonly held that, granted the disappearance of the subject matter by reason of some conduct of the testator, it is immaterial whether he intended to operate as an ademption, yet, where the conduct relied on is some change in its form or location, the property not having been altogether lost or extinguished as a separate and distinct item of his estate, the testator's intention is recognized as being of significance on the question of what the property was that was intended to go by the will and consequently whether the change has so affected the substance of the gift as to cause an ademption, since it is a question of intention, determined in the light of rules of construction, what

property forms the subject matter of a devise ... or legacy ... Whether the form or location in which the property exists at the time of the will is merely descriptive or is so far linked with the existence of the gift that a change therein will work an ademption depends on such intention.

The doctrine of ademption, therefore, is an arbitrary means to disposing of a specific legacy in those instances where intention cannot be reliably determined and the legacy has undergone such a transformation that its indentity is lost. Where, as here, the property has undergone only minimal transformation and the evidence of an abiding intent is present and reasonably apparent, I can see no just basis for employing the technical rule of ademption to frustrate a clear testamentary desire. By concentrating on the complexity of whether the rule of ademption does or does not apply, attention is thereby diverted from the larger issue, namely, what did the testatrix intend? Her intention, quite obviously was to first provide funds readily available to meet the expenses of her illness; but equally obvious was the intention that whatever remained should go to the appellant under her will.

It might be possible to agree with the majority if the bequest in this case had been limited to the Lester Land Company, Inc. But the testatrix went further and added ". . . and any and all interest which I may own in any and all real or personal property passing to me pursuant to the last will and testament of J. Gaylor Sifford, my deceased husband ..." Thus, the language of the testatrix indicates a clear intention respecting the disposition of the Sifford property. The Supreme Court of Arkansas has shown its own disposition to treat the intention of the decedent as the crucial consideration, irrespective of ademption. The court considered words of similar import in *Mitchell* v. *Mitchell*, 208 Ark. 478, 187 S.W. 2d 163 (1945) and *Mee* v. *Cusineau, Executrix*, 213 Ark. 61, 209 S.W. 2d 445 (1948). In *Mitchell*, the court considered this language: "I ... bequeath all my stock and interest in E. E. Mitchell's Company ... to my son ..." The testator sold his stock in the E. E. Mitchell Company and bought other corporate stocks, the appellants arguing that the sale adeemed the bequest. The trial court reasoned that had the legacy

been limited to "all my stock" an ademption would have occurred, but by adding the words "and interest in" the testator showed an intent to bestow the property upon his son, "irrespective of its physical form when the will became effective, provided indentity could be made definite . . ." Affirming the Chancellor, the Supreme Court stated:

> Generally speaking, a change in the form of a security bequeathed does not of itself work an ademption. It must be shown that the testator intended to give specific securities of the form or nature mentioned in the will. See Corpus Juris, v. 69, p. 1012, and cases cited in Note 89. See, also, *King* v. *Sellers*, 194 N. C. 533, 140 S.E. 91; *Wiggins* v. *Cheatham*, 143 Tenn. 406, 225 s.W. 1040, 13 A. L. R. 169.

Similarly, in *Mee* v. *Cusineau, Executrix, supra*, on which the majority relies, the court carefully examined the language of the legacy to determine the intent and while an ademption was upheld with respect to a part of the legacy, it was rejected as to a part, based upon the court's interpretation of the intention of the testatrix. The will made specific devise of real property "in which I have an equity or an interest . . ." The court stated that had the testatrix devised the real property and nothing more had been said, an ademption would have occurred where the property was sold by her, but by adding the words "or interest in . . ." the testatrix indicated broader intentions. Citing the Page on Wills, Vol. 2, Section 1336, Chapter on Ademption, the opinion states:

> "If the terms of the will show that testator contemplates some change in the form of the gift, or even a sale and reinvestment of the proceeds, and that he intends to pass the proceeds, or the property in which the proceeds are reinvested, to the original beneficiary, full effect will be given to such provision. . . . If testator gives the 'proceeds' of certain property, and it appears, from the terms of the will, that he gives such proceeds even if the property is sold in his life time, the beneficiary may have the proceeds as far as they can be traced."

What seems to have been overlooked here is that the

decision in *Mitchell* v. *Mitchell, supra*, places a two-fold burden upon the proponent of ademption, namely, to show a change in the form of the property bequeathed *and* a showing that the testator intended to give *specific* securities of the form or nature mentioned in the will. There is no showing by the appellees with respect to the second element of proof and the language of the will itself is convincing evidence that the testatrix intended the Sifford property, whether real or personal, to go to the nearest Sifford heir, the appellant.

I regret the result reached in this case as I believe the law gives strong support to achieving the intent of the testator and is loath to take liberties with that intent by technical rules of construction. I believe that has occurred in this instance.